■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST BULLOCK, Appellant.—Appeal by defendant from two judgments of the County Court, Westchester County, each entered upon a jury verdict and imposing sentence, as follows: (1) the first, rendered January 7, 1975 (Indictment No. 73-00904-01), convicting him of murder (four counts), robbery in the first degree (four counts), grand larceny in the third degree (two counts) and possession of a weapon, etc., as a felony and (2) the second, rendered September 27, 1974 (Indictment No. 73-00220-01), convicting him of assault in the first degree, assault in the second degree, possession of a weapon, etc., as a felony and possession of a weapon, etc., as a misdemeanor. Judgments affirmed. We have examined defendant-appellant's arguments and find them without merit. With respect to the appeal from the judgment rendered January 7, 1975, one contention, however, warrants special comment, viz., defendant's assertion that, in suppressing so much of the August 17, 1973 taped interrogation at police headquarters as went beyond the point at which defendant stated that he would not say anything further until he saw his attorney (who, the police knew, was on the way to police headquarters [see *People v Hobson,* 39 NY2d 479; *People v Arthur,* 22 NY2d 325]), the *Huntley* court did not go far enough; i.e., it should have also suppressed the portion of the August 17, 1973 police station taped conversation *preceding* defendant's refusal to talk further until he saw his attorney, and that such portion should not have been admitted into evidence at the trial. We note, however, that the material portions of the unsuppressed portions of the August 17, 1973 taped conversation (i.e., defendant's claims as to his whereabouts prior to, at, and after the time of the murders) had been earlier and properly placed in evidence via Lieutenant Gorski's narration of a telephone conversation, held on August 13, 1973 with defendant, when the latter telephoned Gorski (who had known him since childhood). The August 13, 1973 station house telephone conversation was held four days prior to the August 17, 1973 taped conversation. Lieutenant Gorski testified that on August 13, 1973 defendant was not a suspect. In the course of the telephone conversation of that date, defendant furnished essentially the same information as to his whereabouts immediately prior to, at, and after the time of the murders as he was to again furnish four days later at the station house interrogation. Under the circumstances, defendant was neither prejudiced nor aggrieved by the *Huntley* court's refusal to suppress the portions of the

August 17, 1973 taped conversations which preceded his refusal to speak further until he could see his lawyer. Margett, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.