Charles Anthony GULLIVER,
Petitioner-Appellee,

v.

Stephen DALSHEIM, Superintendent, Downstate Correctional Facility and Robert Abrams, Attorney General of the State of New York, Respondents-Appellants.

No. 1339, Docket 82–2093.

United States Court of Appeals,
Second Circuit.

Argued June 17, 1982.

Decided Sept. 9, 1982.

---

1. Many of these affirmative acts failed for reasons beyond the control of the local defendants.

Terry Jane Ruderman, Asst. Dist. Atty., White Plains, N. Y. (Carl A. Vergari, Dist. Atty. of Westchester County, Anthony Joseph Servino, Gerald D. Reilly, Asst. Dist. Attys., Westchester County, White Plains, N. Y., of counsel), for respondents-appellants.

Barry Bassis, The Legal Aid Society, Federal Defender Services Unit, New York City, for petitioner-appellee.

Before OAKES, MESKILL and KEARSE, Circuit Judges.

MESKILL, Circuit Judge:

Respondents, Stephen Dalsheim, Superintendent, Downstate Correctional Facility, and Robert Abrams, Attorney General of the State of New York, appeal from an order of the United States District Court for the Southern District of New York, Knapp, J., granting Charles Anthony Gulliver's petition for a writ of habeas corpus. We vacate the order and remand for further proceedings.

## BACKGROUND

Gulliver was charged in County Court, Westchester County, with burglary in the second degree and petit larceny. The state alleged that on June 26, 1977, Gulliver knowingly entered and remained unlawfully in the dwelling of Mary Lipscomb with the intent to commit larceny and that he stole $200 from a closet in Lipscomb's home. The evidence indicated that on that date Lipscomb's teenage son Aaron discovered an intruder he later identified as Gulliver crouching behind his mother's bedroom door at approximately 4:00 a. m. Aaron yelled, awakening his mother, who saw the intruder leap over Aaron's brother, who was lying on a mattress in Lipscomb's bedroom, and jump from the bedroom window to the street twelve feet below. Lipscomb and Aaron were the only prosecution witnesses presented at trial. Both identified Gulliver as the intruder and testified that they had seen him in their neighborhood several times over the preceding four to six years. Gulliver presented an alibi defense through his mother, who testified that he was at home watching television at the time Lipscomb discovered the intruder in her bedroom.

The jury found Gulliver guilty of burglary in the second degree and the County Court sentenced him as a second felony offender to an indeterminate prison term of from six to twelve years. The conviction was affirmed by the New York Supreme Court, Appellate Division, Second Department on April 23, 1979, and the Court of Appeals denied leave to appeal on May 31, 1979. On December 5, 1980, Gulliver petitioned the Appellate Division for a writ of habeas corpus claiming that he had been denied the effective assistance of appellate counsel. That petition was denied without opinion, and the Court of Appeals again denied leave to appeal.

On April 7, 1981, Gulliver, acting *pro se*, filed the instant application for a writ of

habeas corpus. In addition to asserting a claim of ineffective assistance of appellate counsel, Gulliver argued that: (1) he had been denied the effective assistance of trial counsel; (2) the state trial court's refusal to grant him an identification hearing denied him due process; (3) certain remarks and arguments by the prosecutor at trial denied him due process; (4) the evidence adduced at his trial was insufficient to support the verdict; and (5) his sentence was excessive. After reviewing Gulliver's *pro se* petition, the district court appointed counsel to represent him. Counsel briefed only the claim of ineffective assistance of appellate counsel, but never explicitly abandoned Gulliver's other claims. On February 26, 1982, the district court concluded that the claim relating to appellate counsel was "[t]he only substantial issue presented on this writ." The court ruled that Gulliver's appellate counsel failed to meet the minimum standards for constitutionally adequate appellate advocacy in criminal cases set forth in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and ordered that the writ issue "unless, within a reasonable period not to exceed ninety days, the State grants petitioner leave to appeal from his conviction." The state then filed the instant appeal. The district court's order has been stayed pending this Court's ruling.

## DISCUSSION

### I.

At the outset, we must consider an issue not addressed in the parties' briefs: whether Gulliver has exhausted his state remedies

on all of the claims presented in his petition.[1] The recent case *Rose v. Lundy,* —— U.S. ——, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), requires a federal district court to dismiss a petition for a writ of habeas corpus containing *any* claims which the petitioner has not fairly presented to the state courts.[2] From our review of the record, it appears that Gulliver's petition might contain some unexhausted claims.[3]

■ On his direct appeal to the Appellate Division, Gulliver raised all of the claims initially presented in the instant habeas petition except the claim of ineffective assistance of appellate counsel, which he raised in his state habeas petition. However, Gulliver presented his claims in state terms only, except those of ineffective assistance, which he argued in federal terms. Therefore, Gulliver has failed to give the state courts a fair opportunity to consider several of his federal claims of error. *See Twitty v. Smith*, 614 F.2d 325 (2d Cir. 1979); *Johnson v. Metz*, 609 F.2d 1052 (2d Cir. 1979).

Before a federal court can properly reach the merits of Gulliver's claim of ineffective assistance of appellate counsel, Gulliver must either return to the state courts to exhaust his other claims, or amend his petition to delete all unexhausted claims. *See Rose,* —— U.S. at ——, 102 S.Ct. at 1203. During oral argument in this case, Gulliver's counsel represented that he had orally stipulated in the district court that Gulliver desired to abandon all claims except that of ineffective assistance of appellate counsel. Gulliver's brief in the district court, because

1. We may raise an issue of exhaustion of state remedies *sua sponte. See Gayle v. LeFevre,* 613 F.2d 21, 22 n.1 (2d Cir. 1980); *Wilson v. Fogg,* 571 F.2d 91, 94 n.5 (2d Cir. 1978).

2. The Supreme Court has applied *Rose* retroactively. *See Bergman v. Burton,* —— U.S. ——, 102 S.Ct. 2026, 72 L.Ed.2d 478 (1982); *Duckworth v. Cowell,* —— U.S. ——, 102 S.Ct. 1626, 71 L.Ed.2d 858 (1982); *Rodriquez v. Harris,* —— U.S. ——, 102 S.Ct. 1627, 71 L.Ed.2d 858 (1982).

3. Under the procedure employed in this Circuit prior to *Rose,* a federal court could consider the merits of habeas claims that had been presented adequately to the state courts even if the

habeas petition contained other, unexhausted claims. *See, e.g., Cameron v. Fastoff,* 543 F.2d 971, 976 (2d Cir. 1976). It appears from our review of the record that the district court may have followed this procedure and granted the writ on the basis of Gulliver's claim of ineffective assistance of appellate counsel without deciding whether Gulliver had exhausted his other claims. *Rose,* decided approximately one week after the district court issued its decision in this case, renders this procedure improper and requires a determination of whether all of Gulliver's habeas claims were properly presented to the state courts.

it addresses only the claim relating to appellate counsel, lends credence to this assertion. Nevertheless, we have carefully reviewed the record in this case and have found no statement, either written or oral, indicating that Gulliver had amended his petition to delete his unexhausted claims. In light of the ambiguity in the record on this point, we are constrained by *Rose* to remand this matter for reconsideration and such further proceedings as may be necessary. On remand, the district court should determine whether Gulliver has amended his petition to delete his unexhausted claims and, if he has not, the court should give him an opportunity to do so. If Gulliver has already amended his petition or amends it on remand to delete all but the claim of ineffective assistance of appellate counsel, the district court may reinstate its ruling on the merits, which we assume will be unchanged, and that ruling will be ripe for our review, subject to our discussion in section II, *infra.* Should Gulliver choose not to amend his petition, the district court must dismiss the petition in its entirety.

## II.

Quite apart from the issue of *Rose*, the state argues that, in the present posture of the case, Gulliver's claim of ineffective assistance of appellate counsel is itself not properly subject to federal habeas review. The state argues that Gulliver employed the wrong procedural vehicle in raising this claim in his state petition for habeas corpus to the Appellate Division. The state maintains that Gulliver should have raised the claim either in his motion for leave to appeal to the Court of Appeals, or in a motion to reargue his appeal addressed to the Appellate Division, *see* N.Y.Crim.Proc.Law § 470.50 (McKinney 1971). Thus, the state argues that Gulliver has yet to give the state courts a proper opportunity to consider the merits of his claim.

The district court ruled:

Respondent concedes that petitioner raised his claim of ineffective assistance of appellate counsel in his application for state habeas relief, but contends that such an application was an improper procedural vehicle for that claim and that petitioner has accordingly failed to exhaust his state remedies as to that claim. From all that appears before us, however, petitioner's application was denied on the merits: respondent does not suggest that it argued before the state court for denial on procedural grounds, and the order denying the writ contains no indication of the court's reasoning. We must therefore conclude that the state court considered the issue fairly raised and denied the petition on the merits.

Memorandum and Order at 2 (S.D.N.Y. Oct. 6, 1981). The state, though it apparently never made the point below, now contends that it did raise procedural as well as substantive arguments in response to Gulliver's petition for a state writ of habeas corpus. This contention became more significant when this Court decided *Martinez v. Harris*, 675 F.2d 51 (2d Cir. 1982), after the district court's final decision in this case. *Martinez* held that when a New York prosecutor argues in a state appellate court that a criminal defendant's challenge to his conviction is barred on a procedural ground, and the state court upholds the conviction without opinion, a federal habeas court should presume that the state court based its ruling on the procedural ground. *Id.* at 54. *See also Johnson v. Harris*, 682 F.2d 49, 51 (2d Cir. 1982) (*per curiam*). If, as the state contends, Gulliver committed a procedural error in state court, federal habeas review is barred under *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), unless Gulliver can show "cause" for and "prejudice" from his error.[4]

Gulliver concedes that a state habeas petition was not the proper vehicle by which

4. The appellant's brief is somewhat unclear as to whether the state's contention is that Gulliver failed to exhaust the claim or that he waived it by committing procedural error. Since Gulliver did present the claim to the state court, it is clear that there is no exhaustion problem; the exhaustion doctrine does not require that *all* avenues of state review have been exhausted. *See Brown v. Allen*, 344 U.S. 443, 447, 449 n.3, 73 S.Ct. 397, 403 n.3, 97 L.Ed. 469 (1953). Thus, we have assumed that the state is arguing that Gulliver waived his state remedies.

to pursue state court review of his claim, but argues that the Appellate Division nevertheless reached the merits. He claims that New York courts construe *pro se* papers liberally, Brief for Appellee at 42 (citing *People ex rel. La Rocca v. Conboy*, 40 A.D.2d 736, 336 N.Y.S.2d 724 (3d Dep't 1972); *Walczak v. Department of Correctional Services*, 73 Misc.2d 369, 342 N.Y.S.2d 146 (Greene County Ct. 1973)), and that his petition for relief was proper except that it was labelled a petition for a writ of habeas corpus rather than a motion to reargue his appeal. Gulliver claims that the Appellate Division, which was the proper court in which to file a request for either form of relief, would not deny his *pro se* habeas petition on a technical, procedural ground without at least notifying him that he could obtain review merely by relabelling his papers. Moreover, Gulliver claims that the procedural argument advanced by the state in response to his state habeas petition was that he had waived his ineffective assistance of appellate counsel claim by failing to raise it in his first petition for leave to appeal to the Court of Appeals. Gulliver claims that this argument was erroneous and that the state concedes as much by suggesting that Gulliver could have raised his claim via a motion to reargue his appeal.

█ While we might normally resolve this issue at this point, we believe that in the circumstances presented here, the better procedure is to remand it for reconsideration along with the *Rose v. Lundy* issue. First, the district court did not have the benefit of this Court's decision in *Martinez v. Harris*, which clarified this Circuit's law relating to interpretations of rulings without opinion by New York appellate courts. Second, the parties apparently neglected to apprise the district court that the state had raised procedural arguments in response to Gulliver's state habeas petition. Third, resolution of this issue requires determinations of issues of state law that have not yet been thoroughly briefed by the parties. We feel that the clarification and explication of these issues which is likely to flow from further proceedings below will contribute to a proper disposition of this case. Finally,

because we must remand for further proceedings on the *Rose v. Lundy* issue, a remand on this issue also will not significantly delay an ultimate disposition of this matter.

If we are mistaken in our construction of the state's argument and should construe it as one asserting waiver rather than nonexhaustion, the focus of the district court's inquiry should, under *Engel v. Isaac*, —— U.S. ——, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982), and *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), be to determine whether there was "cause" for the asserted procedural default and "prejudice" resulting from it, and the district court should conduct such further proceedings to enable it to make such a determination. To assist the district court as well as this Court on review, the state should clarify its exact position.

The district court's order is vacated and the matter is remanded for further proceedings in accordance with this opinion. We retain jurisdiction.