**Ernest BULLOCK, Petitioner,**

v.

**WARDEN, AUBURN CORRECTIONAL FACILITY, Respondent.**

**No. 82 Civ. 7441 (JES).**

United States District Court, S.D. New York.

Dec. 1, 1983.

Leonard H. Kaplan, Brooklyn, N.Y., for petitioner.

Carl A. Vergari, Dist. Atty. of Westchester County, White Plains, N.Y., for respondent County Courthouse; Diane E. Selker, Asst. Dist. Atty., White Plains, N.Y., of counsel.

## OPINION & ORDER

SPRIZZO, District Judge.

Petitioner, Ernest Bullock, seeks a writ of habeas corpus under 28 U.S.C. § 2254 (1976). He is currently in state custody following his conviction on four counts of murder, four counts of first degree robbery, two counts of grand larceny in the third degree, and one count of possession of a weapon as a felony. On January 7, 1975, he was sentenced to two consecutive terms of twenty-five years to life, two additional terms of twenty-five years to life, and seven lesser indeterminate terms all running concurrently.[1] Petitioner raises only one claim in the instant petition—that his right to counsel was violated when his

---

1. Petitioner is concurrently serving another sentence imposed on September 27, 1974 pursuant to his conviction on unrelated charges. The 1974 sentence consists of four concurrent, indeterminate terms, the longest of which is five to fifteen years.

appellate counsel failed to apply for leave to appeal to the New York Court of Appeals following an affirmance of his convictions by the Appellate Division, Second Department. The Court finds that the petition must be dismissed for the reasons that follow.

After his two convictions, petitioner's court-appointed appellate counsel filed a consolidated appeal with the Appellate Division, Second Department.[2] The convictions were unanimously affirmed on April 25, 1977. *People v. Bullock*, 57 A.D.2d 630, 394 N.Y.S.2d 22 (2d Dep't 1977). His attorney did not apply to the New York Court of Appeals for permission to take a discretionary appeal.

In 1980, petitioner raised his claim of ineffective assistance of appellate counsel for the first time in a pro se motion to the Appellate Division, Second Department for leave to reargue his appeal, pursuant to N.Y. Criminal Procedure Law § 470.50 (McKinney 1971) (hereinafter "CPL"). In that motion, he argued that his right to counsel had been violated by his attorney's failure: (1) to seek leave to appeal to the court of appeals, and (2) to raise all of his meritorious claims in her briefs to the appellate division. The motion was denied without opinion on June 2, 1980.

Petitioner then submitted a pro se application to the New York Court of Appeals seeking leave to appeal both the appellate division's June 2, 1980 order denying his motion to reargue and its April 25, 1977 affirmance of his convictions. Both appli-

cations were denied in an order by Judge Fuchsberg dated August 25, 1980—the former because it is not appealable, and the latter because it was untimely under CPL 460.30.[3]

Petitioner next sought a writ of habeas corpus in the United States District Court for the Northern District of New York. His pro se petition included a claim of ineffective assistance of appellate counsel which was partly based on his attorney's failure to apply for leave to appeal to the court of appeals.[4] That petition was dismissed. *Bullock v. Henderson*, No. 80–CV–864, slip op. at 4 (N.D.N.Y. February 24, 1981) (Foley, J.).

The present petition was filed in November, 1981. It was referred to Magistrate Buchwald for her report and recommendation, pursuant to 28 U.S.C. § 636(b) (1976). Magistrate Buchwald found that petitioner's claim was not exhausted and recommended that his petition be dismissed. Magistrate's Report and Recommendation at 7. She interpreted Judge Foley's opinion as dismissing the ineffective assistance of counsel claim for failure to exhaust state remedies. *Id.* at 3–4 and n. 3. Based on that reading, she concluded that, since petitioner had not raised the claim in state court following Judge Foley's dismissal, this subsequent petition based on the same claim must also be dismissed on exhaustion grounds. *Id.* at 7. Her report suggests that petitioner might return to state court and raise his claim by bringing a motion to vacate his conviction pursuant to CPL 440.-10. *Id.* at 4–7.

**2.** On appeal, Bullock argued, *inter alia,* that certain statements which he made to police in the absence of counsel should have been suppressed because the interrogating detective knew of outstanding charges on an unrelated indictment but failed to inquire whether the defendant was represented by an attorney on that charge.

**3.** Section 460.30 of the Criminal Procedure Law permits a party who has failed to file a timely application for leave to appeal to the New York Court of Appeals to move for an extension of time. Such a motion may be granted only in limited circumstances, and the statute provides that it "must be made with due diligence after the time for the taking of such appeal has ex-

pired, *and in any case not more than one year thereafter."* CPL 460.30, subd. 1 (McKinney 1977 & Supp. 1982) (emphasis added). Bullock should have applied for leave to appeal to the court of appeals within thirty days after he was served with a copy of the appellate division's April 25, 1977 decision. CPL 460.10, subd. 5(a). He did not do so until June, 1980, long after the maximum one year period provided for in section 460.30 had expired.

**4.** The petitioner also claimed denial of his right to appeal, a failure by the state courts to properly review constitutional and state law violations, and an absence of state corrective procedures to protect his rights.

▮ Both parties have filed objections to the Magistrate's report.[5] Petitioner argues that his claim was exhausted in 1980 when Judge Fuchsberg dismissed his application for leave to appeal from the June 2, 1980 order of the appellate division denying his motion to reargue his appeal. Respondent agrees with petitioner that the claim is exhausted and contends that it was dismissed by Judge Foley on its merits.[6] Finally, respondent argues that the petition should be dismissed because it is procedurally barred under New York's Criminal Procedure Law and because Bullock has not alleged the deprivation of a federal constitutional right.

In view of the fact that the parties and the magistrate disagree as to whether Judge Foley's dismissal of this claim was on the merits or on exhaustion grounds, and because the basis for his dismissal is not entirely clear on this record, the Court will, in the exercise of its discretion, determine the exhaustion issue anew.[7]

Petitioner's claim that he was deprived of the effective assistance of counsel because of the failure of his attorney to seek review of his conviction in the New York Court of Appeals was clearly exhausted. The claim was first raised before the appellate division in petitioner's pro se motion for reargument and was denied. Since the denial of that motion is not appealable, *see* Judge

Fuchberg's Order dated August 25, 1980, there was no further recourse available to petitioner in the state court. Moreover, petitioner also referred to the alleged denial of the effective assistance of counsel in 1980 when he sought leave to appeal from the appellate division's affirmance of his convictions and his request was denied as untimely. *See Barnes v. Jones, supra,* 665 F.2d at 432; *see also People v. Gonzalez,* 47 N.Y.2d 606, 393 N.E.2d 987, 419 N.Y. S.2d 913 (1979).

▮ Nevertheless, it is clear that this petition must be dismissed on the merits. In *Wainwright v. Torna,* 455 U.S. 586, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982) (per curiam), the Supreme Court held that the failure of counsel to apply for leave to undertake a discretionary appeal does not constitute ineffective assistance of counsel. *Id.* at 587–88, 102 S.Ct. at 1301–02. Since that is the only claim raised here, this petition must be dismissed.

▮ The petition must also be dismissed for another reason. In *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), the Supreme Court held that when a petitioner commits a procedural error in the state court which precludes state review of a federal constitutional question, federal habeas corpus review is barred unless the petitioner can establish an adequate justification excusing the pro-

---

5. The Court must make a *de novo* determination of those portions of the magistrate's report to which objection is made. Rule 8(b)(4) of the Rules Governing Section 2254 Cases in the United States District Courts.

6. Both parties take issue with the magistrate's suggestion that petitioner can return to state court and raise his claim in a motion to vacate his conviction pursuant to CPL 440.10. They contend that constitutional violations occurring at the appellate level are not properly raised in a 440.10 proceeding. The Court agrees. Section 440.10 provides a mechanism by which a conviction can be collaterally attacked on the basis of errors committed *at trial,* not on appeal. *United States ex rel. Johnson v. Vincent,* 507 F.2d 1309, 1312 (2d Cir.1974). However, even if petitioner could raise his claim of ineffective assistance of appellate counsel in a 440.-10 proceeding, it would still not follow that he has not exhausted his state remedies. The exhaustion doctrine only requires that a petitioner

have properly presented his claim "at least once, on direct or collateral review." *Fielding v. Le-Fevre,* 548 F.2d 1102, 1106 (2d Cir.1977). Having done so, the fact that collateral relief might also be available under CPL 440.10 is immaterial. *Cf. Barnes v. Jones,* 665 F.2d 427, 432 (2d Cir.1981), *rev'd on other grounds sub nom. Jones v. Barnes,* — U.S. —, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983).

7. The uncertainty stems from the fact that Judge Foley's memorandum opinion and order does not specifically address the claim that petitioner was denied the effective assistance of counsel because his attorney failed to apply for leave to appeal to the court of appeals. Judge Foley found that Bullock's ineffective assistance of counsel claim with respect to his appeal to the *appellate division* had not been exhausted, *Bullock v. Henderson, supra,* No. 80–CV–864, slip op. at 2–3, and ruled that various other contentions were without federal merit, *id.* at 3–4.

cedural error and prejudice resulting from an alleged constitutional violation. *Id.* at 86–87, 97 S.Ct. at 2506–2507; *see Engle v. Isaac,* 456 U.S. 107, 129, 102 S.Ct. 1558, 1572, 71 L.Ed.2d 783 (1982). This principle has been applied where the procedural error occurs on appeal as well as where it is committed at the trial level. *E.g., Forman v. Smith,* 633 F.2d 634, 640 (2d Cir.1980), *cert. denied,* 450 U.S. 1001, 101 S.Ct. 1710, 68 L.Ed.2d 204 (1981).

■ In this case, petitioner's claim of ineffective assistance of appellate counsel was twice presented to state courts and twice rejected on procedural grounds. In opposing Bullock's motion to reargue his appeal, the State argued, *inter alia,* that it should be denied as untimely,[8] and the appellate division denied the motion without opinion. Under such circumstances, this Court must conclude that the state court's denial was on procedural grounds and apply the rule enunciated in *Wainwright v. Sykes. Johnson v. Harris,* 682 F.2d 49, 51 (2d Cir.1982); *Martinez v. Harris,* 675 F.2d 51, 53–55 (2d Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 109, 74 L.Ed.2d 97 (1982). Petitioner's later application for leave to appeal from the appellate division's affirmance of his convictions was specifically denied as untimely by Judge Fuchsberg. Those procedural defaults constitute an adequate and independent basis for denying this petition unless petitioner can demonstrate "cause and prejudice." *See Wainwright v. Sykes, supra,* 433 U.S. at 86–87, 90–91, 97 S.Ct. at 2506–2507, 2508–2509.

It is evident that Bullock cannot satisfy the *Wainwright v. Sykes* test. Quite aside from the issue of whether there was any adequate justification for plaintiff's failure to comply with state procedural requirements, petitioner cannot possibly demonstrate prejudice resulting from an alleged constitutional violation since, as noted above, a failure to pursue a discretionary

appeal does not constitute a denial of the effective assistance of counsel. *See Wainwright v. Torna, supra,* 455 U.S. at 587–88, 102 S.Ct. at 1301–02.

In accordance with the foregoing, this petition for a writ of habeas corpus is dismissed.

It is SO ORDERED.

---

**8.** Subsection 2 of CPL 470.50 provides that the appellate division of each department may promulgate rules limiting the time within which a motion for reargument may be made. The Second Department had such a rule in effect when petitioner's motion was made. It provided that a motion to reargue should be filed no more than thirty days from the date the original appeal was decided unless "good cause" is shown for the delay. 22 N.Y.C.R.R. § 670.5. In the instant case, petitioner did not file his motion to reargue until nearly three years after the appellate division rendered its decision affirming his convictions.