Edward COLON, Petitioner,

v.

E.W. JONES and Robert Abrams, Respondents.

No. 83 Civ. 1397 (SWK).

United States District Court, S.D. New York.

Dec. 30, 1986.

Edward Colon, pro se.

Robert Abrams, Atty. Gen., State of N.Y. by Frederick S. Cohen, Tyrone Mark Powell, New York City, for respondents.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

Edward Colon petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He seeks relief from his New York State conviction by a jury, on June 20, 1979, for selling heroin on May 12, 1978 and May 26, 1978 to an undercover police officer in Manhattan.

The first sale involved slightly less than one ounce of heroin, which Colon sold to an undercover agent of the New York Drug Enforcement Task Force. On May 26, Colon accepted $3200 from the agent in exchange for 1.7 ounces of heroin. The undercover agent had been introduced to Colon and Colon's co-defendant, Gilberto Rivera, by a registered confidential informant for the Drug Enforcement Task Force.

Colon was convicted of criminal sale of a controlled substance in the second degree and criminal possession of a controlled substance in the fifth degree for the May 12 sale.[1] He was convicted of first degree criminal sale and second degree criminal possession of a controlled substance for the May 26 sale. He was sentenced to from

---

1. Although Rivera and Colon were charged with the same offenses at trial, the jury found Rivera not guilty in connection with the May 12, 1978 sale. He was found guilty of both possession and sale of heroin in connection with the May 26, 1978 sale.

fifteen years to life for first degree criminal sale, and to three concurrent terms of from six years to life on the remaining convictions.

Colon appealed his conviction to the New York Appellate Division, arguing four grounds for relief: (1) that the evidence at trial was insufficient to prove that the May 26 sale of two bags of heroin constituted a single sale of more than one ounce; (2) that the trial court deprived petitioner of his constitutional right to trial by jury by determining that as a matter of law, the acts of May 26 constituted a single sale of heroin; (3) that the prejudicial impact of testimony by certain witnesses deprived petitioner of a fair trial; and (4) that petitioner's constitutional right to due process of law was violated by the court's erroneous jury charge regarding the defense of agency.

Colon's conviction was affirmed by the Appellate Division on December 23, 1980 and leave to appeal to the New York Court of Appeals was subsequently denied.[2] Colon then petitioned this Court for habeas relief, arguing the same grounds set forth in his state appeal.[3]

## DISCUSSION

A. *The May 26 Sale*

The first two issues of Colon's petition center around the May 26 drug sale of two packages of heroin to the undercover agent. The record reveals that, on May 24, 1978 the undercover agent told the registered confidential informant to contact Colon's co-defendant, Rivera, to arrange the purchase of two ounces of heroin. On May 26, 1978 the agent met with Rivera. The two men (followed by members of the agent's backup team), then proceeded to a location in the Bronx. After Rivera was unable to locate heroin to sell to the agent, the two men drove to a nearby street, where they found Colon. Colon spoke to Rivera, and then informed the agent that two ounces of heroin had been ordered for him, at $1600 each. Colon told the agent to return within an hour to make the buy.

The agent returned, and found Rivera and Colon waiting. Colon left the agent with Rivera, returning one-half hour later with a package allegedly containing one ounce of heroin. Colon then offered the agent the second ounce of heroin. As the agent spoke to Colon, the agent observed an unidentified man standing on the street, talking to Rivera. After the agent agreed to purchase a second ounce of heroin, Colon called to the unidentified man, who handed Colon a package. When Colon handed that package to the agent, the agent paid Colon $3200 for both packages of heroin.

Colon counted the money, and handed $2400 to the unidentified man. The agent then left the scene. Colon and Rivera were arrested several months later, in September, 1978, after the Drug Enforcement Administration drug investigation had concluded.

Colon now argues that the evidence at trial was insufficient to prove a single sale on May 26, and that the trial judge invaded the province of the jury by determining that, as a matter of law, the sale of the two packages constituted a single sale. The relevance of these two claims revolves around the fact that, at the time of Colon's trial, proof of the sale of at least one ounce of heroin was required by New York State statute in order to sustain a first degree conviction for sale of a controlled substance. Since the aggregate weight of the packages was determined to be 1.7 ounces, it is possible that neither package weighed one ounce. Had each package weighed

---

**2.** Colon subsequently moved, pursuant to New York C.P.L. § 440.10, to vacate his conviction, on the ground that he had been entitled to an entrapment defense at trial. That motion was denied and is unrelated to the claims in petitioner's habeas petition.

**3.** Following his original petition, Colon subsequently filed a second habeas petition before this Court. *Colon v. Reid,* 86 Civ. 5893. Since the petitions present virtually identical claims, the Court acknowledges the second petition as a duplicate of the petition to which the Court responds at this time. The Court consolidates 86 Civ. 5893 with this case, 83 Civ. 1397. *Colon v. Reid,* 86 Civ. 5893, is thus closed.

less than the requisite ounce and been the subject of a separate sale, Colon could not have been charged with a first degree felony. The Court, however, finds both of Colon's claims to be completely without merit.

■ Regarding Colon's insufficiency of evidence claim, when a petitioner challenges his state criminal conviction on this ground in a federal habeas petition, he is entitled to habeas relief only "if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 324, 99 S.Ct. 2781, 2791, 61 L.Ed.2d 560 (1979).

The record shows that Colon's own counsel did not even raise the issue of whether two sales, rather than a single sale, had occurred on May 26, 1978, until after both sides had rested. Both defense attorneys even agreed to stipulate at trial as to the aggregate weight of the two packages sold on May 26, without seeking to determine the weight of each package.

After both sides had rested, as the trial judge was preparing to bring in the jury for the charge, Rivera's counsel moved, on behalf of Rivera and Colon, to have the first degree count of both indictments dismissed on the ground that each sale had been a separate transaction. Prior to this motion,[4] neither defense counsel had even questioned the fact that the defendants were being tried for a single 1.7 ounce sale of heroin on May 26, 1978. The trial judge denied the motion.

Defense counsel's belated motion in an attempt to have the trial judge simply rule that two transactions had occurred on May 26, effectively prevented this "factual" issue from being presented to the jury.

■ Colon's argument that the trial judge erred in not leaving to the jury the issue of whether two separate sales occurred was not preserved for appeal. Following the judge's denial of counsel's motion, defense counsel neither requested that the court submit to the jury the issue of whether the events of the day in question constituted two separate sales, nor objected to the court's failure to charge the jury on this issue. Having failed to preserve this issue for appeal in accordance with New York Criminal Procedure Law § 470.05(2), Colon is procedurally barred from presenting this argument to the Court. *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

Even if the Court were able to reach the merits of this claim, defense counsels' failure to attempt to prove this claim to the jury and their decision to seek, instead a ruling from the judge on the issue, resulted in an inadequate record to review the facts of such a claim.

### B. *The Police Officer's Testimony*

Colon also claims that the prejudicial impact of testimony by police officers deprived him of a fair trial. This claim is devoid of merit.

The record discloses that the examples of alleged "prejudicial testimony" by witnesses were either not objected to by defense counsel at trial, or, more often the case, *elicited* by defense counsel on cross-examination. Apparently, the testimony Colon considered prejudicial to his trial on appeal resulted from the trial strategy of his own counsel, and would be reviewable only on a claim of ineffective assistance of counsel, which is not before the Court.

### C. *The Trial Judge's Charge to the Jury*

The subject of Colon's final claim is the trial judge's charge to the jury. Colon alleges that the agency portion of the charge was erroneous and confusing; that

---

**4.** In its motion, defense counsel argued that the prosecution had submitted no proof of the weight of the individual packages, and therefore could not prove that either sale had involved at least one ounce of heroin.

Given the circumstances of this case, however, the prosecution had no burden to determine the weight of the individual packages. Colon and Rivera had been indicted by the grand jury and were prosecuted for a single sale of heroin on the day in question. The relevant weight was that of the entire transaction, not of the individual packages that were part of the total transaction.

the trial judge erred in simply repeating most of the original agency charge in response to the jury's request for clarification during deliberations; and that the supplemental *Allen* charge to the jury to encourage it to reach a verdict was coercive.

■ Because the errors alleged by Colon were not objected to by defense counsel at trial, these claims were not preserved for review in accordance with C.P.L. 470.05(2). As a result the Court is barred from reviewing the merits of these claims in Colon's habeas petition. *Wainwright, supra.*[5]

For the foregoing reason, this petition for a writ of habeas corpus is denied. The petition is dismissed.

SO ORDERED.

See also, —— F.R.D. ——.

---

**5.** In so finding the Court acknowledges the decision in *Hawkins v. LeFevre,* 758 F.2d 866 (2d Cir.1985), in which the Second Circuit cut back the presumption, established in *Martinez v. Harris,* 675 F.2d 51 (2d Cir.1982), *cert. denied,* 459 U.S. 849, 103 S.Ct. 109, 74 L.Ed.2d 97 (1982). *Martinez* found that the silent affirmance of a conviction by a state appellate court before which the prosecution had argued both procedural default in the failure to raise a constitutional claim and the merits of the claim, must be assumed to have rested on the procedural ground. Such a determination bars federal courts from reviewing the merits of a habeas claim, as mandated by *Wainwright, supra.* In *Hawkins, supra,* the Court interpreted a silent affirmance according to the "most plausible reading", stating that "we choose not to extend *Martinez* and presume reliance by a state court on a procedural default, where it appears unlikely that the court rested its affirmance on that ground." *Id.* at 874.

Since the issue argued by Colon is more similar to that of *Martinez,* and examination of the record discloses no error that would cause the Court to conclude that the state appellate court's silent affirmance did not rest on procedural grounds, the Court finds the *Hawkins* exception inapplicable.