Saul K. ROSENFELD,
Plaintiff-Appellant,

v.

Kenneth W. DUNHAM, Superintendent,
Defendant-Appellee.

No. 986, Docket 86–2209.

United States Court of Appeals,
Second Circuit.

Argued April 7, 1987.

Decided June 1, 1987.

David S. Michaels, Spencertown, N.Y., for plaintiff-appellant Saul Rosenfeld.

William V. Grady, Dutchess Co. Dist. Atty., Poughkeepsie, N.Y. (Bridget R. Steller, Asst. Dist. Atty., Poughkeepsie, N.Y., of counsel), submitted brief for defendant-appellee Kenneth Dunham.

Before LUMBARD, OAKES and CARDAMONE, Circuit Judges.

CARDAMONE, Circuit Judge:

When a state petitioner seeks a federal writ of habeas corpus claiming his detention violates his constitutional rights, he is entitled to have a federal court determine the merits of that federal claim independently of the determination made in state court. When, on the other hand, the federal claims were *not* resolved on the merits in the state courts because of the petitioner's failure to comply with state procedure, then the petitioner must demonstrate cause and actual prejudice before being entitled to federal habeas relief. We have previously crafted a rule for determining whether a state court's silent affirmance of a conviction was on the merits or on procedural grounds. That rule examines exactly what issues the People of the State urged for affirmance on appeal; its proper application is at issue here.

On this appeal by petitioner Saul K. Rosenfeld from an order of the United States District Court for the Eastern District of New York (Bramwell, J.) dated March 6, 1986, dismissing his petition for a writ of habeas corpus, we do not have a silent affirmance. Rather, because the state appellate court wrote an opinion, common sense dictates that we be guided in resolving the merits/procedure question by the grounds stated in the state court's opinion.

## I

In 1979 petitioner allegedly stole money from a donut shop in Wappingers Falls, New York, using a .22 caliber revolver. Based on this allegation, Rosenfeld was indicted on one count of robbery in the first degree and one count of criminal possession of a weapon in the second degree. A jury acquitted him of the robbery count, but he was convicted of criminal possession of a weapon and sentenced to an indeterminate term of seven to 14 years imprisonment. The Appellate Division of the New York State Supreme Court affirmed the conviction by written memorandum opinion, *People v. Rosenfeld*, 93 A.D.2d 872, 461 N.Y.S.2d 383 (2d Dept.1983), and the New York Court of Appeals denied him leave to appeal. *People v. Rosenfeld*, 59 N.Y.2d 977, 466 N.Y.S.2d 1038, 453 N.E.2d 562 (1983). Thereafter, petitioner moved to vacate his conviction pursuant to N.Y.Crim. Proc. Law § 440.10 (McKinney 1983). That motion and leave to appeal were both denied.

Petitioner then filed the instant application for a writ of habeas corpus in the United States District Court for the Eastern District of New York (Bramwell, J.). Habeas relief was denied on March 6, 1986. In June 1986 the district court issued a certificate of probable cause and granted petitioner leave to appeal *in forma pauperis*. This appeal followed.

## II

Petitioner claims that an erroneous jury instruction violated his Fourteenth Amend-

ment right to due process of law. Specifically, Rosenfeld argues that the state trial court improperly failed to instruct the jury that in order to find him guilty of illegal possession of a weapon, it must find that the weapon was operable and that the ammunition was live. The government contends that petitioner's failure to object to the charge bars this challenge and, in any event, that the charge as given was proper.

### A. *Procedural Default*

New York has adopted a contemporaneous objection rule requiring that an objection to an instruction be lodged at trial. N.Y.Crim.Proc.Law § 470.05(2) (McKinney 1983 & Supp.1987). Concededly, petitioner Rosenfeld failed to object at trial to the jury charge of which he now complains. Under New York law, this procedural default bars appellate consideration of his challenge to the charge. *See, e.g., People v. Evans,* 106 A.D.2d 527, 532, 483 N.Y. S.2d 339 (2d Dept.1984) (alleged error in criminal weapon possession charge not preserved for appellate review when defendant fails to object), *People v. Harris,* 84 A.D.2d 63, 105, 445 N.Y.S.2d 520 (2d Dept. 1981) (same), *aff'd,* 57 N.Y.2d 335, 456 N.Y. S.2d 694, 442 N.E.2d 1205 (1982), *cert. denied,* 460 U.S. 1047, 103 S.Ct. 1448, 75 L.Ed.2d 803 (1983).

■ The procedural default doctrine also governs the availability of federal habeas relief. *Hawkins v. LeFevre,* 758 F.2d 866, 867–68 (2d Cir.1985). When a state appellate court refuses to consider the merits of a petitioner's claims on account of his procedural failure to preserve his rights by objection at the time, then a federal court may not review those merits in a collateral habeas corpus proceeding, unless petitioner demonstrates both good cause for and actual prejudice resulting from his procedural noncompliance with the contemporaneous objection rule. *See Engle v. Isaac,* 456 U.S. 107, 129, 102 S.Ct. 1558, 1572, 71 L.Ed.2d 783 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 86–87, 97 S.Ct. 2497, 2506–07, 53 L.Ed.2d 594 (1977). On the other hand, if the state appellate court excuses the procedural failure and considers the merits,

then a federal court must also consider the merits of petitioner's challenge when ruling on the availability of federal habeas relief. *Hawkins,* 758 F.2d at 874; *Huffman v. Ricketts,* 750 F.2d 798, 800–01 (9th Cir. 1984); *Martinez v. Harris,* 675 F.2d 51, 54 (2d Cir.), *cert. denied,* 459 U.S. 849, 103 S.Ct. 109, 74 L.Ed.2d 97 (1982).

■ This doctrine has necessitated the creation of guidelines for interpreting the grounds upon which the state appellate court rests its decision. We undertook that task in *Martinez.* There, we held that when a state appellate court affirms petitioner's conviction without opinion and the People had urged affirmance on both procedural and substantive grounds the federal habeas court will assume that the state appellate court rested its decision on petitioner's procedural failure to object. *Martinez,* 675 F.2d at 54; *accord Tsirizotakis v. LeFevre,* 736 F.2d 57, 62 (2d Cir.), *cert. denied,* 469 U.S. 869, 105 S.Ct. 216, 83 L.Ed.2d 146 (1984). Conversely, if the state appellate court affirmed the conviction—again without opinion—but the state did not raise the procedural point, then the federal court will regard the state appellate court's decision as resting on the merits. *Martinez,* 675 F.2d at 54. This view of state appellate judgments does not apply when a written opinion is handed down, *id.* at 54 n. 5. In that instance, the grounds stated in the written opinion control a federal court's inquiry.

■ Applying these rules, the district court held that

because the state appellate courts affirmed petitioner's conviction without opinion and without addressing the merits, under the Second Circuit's interpretation of *Wainright (sic) v. Sykes,* 433 U.S. 72 [97 S.Ct. 2497, 53 L.Ed.2d 594] (1977), petitioner is procedurally barred from raising these claims unless he establishes both good cause for his noncompliance with the contemporaneous objection rule and actual prejudice resulting from the error.

Although the rule is correctly stated, unfortunately it does not fit the present case. Here the state appellate court wrote an

opinion. *See Rosenfeld,* 93 A.D.2d 872, 461 N.Y.S.2d 383. After rejecting one of petitioner's claims, not now before us, the Second Department stated: "[w]e have considered the defendant's remaining contentions and find that they do not merit reversal." *Id.* Thus, the district court was not entitled to assume that the state court's decision rested on a procedural default. In fact, that court's language—"they do not merit"—while ambiguous, suggests that it went beyond the petitioner's procedural default and considered the merits of his claim. Consequently, under the recited rules, petitioner is entitled to full review of the alleged errors in his state trial. Accordingly, we examine the merits of petitioner's claim.

### B. *Substantive Claim*

Rosenfeld claims the state trial court's failure to instruct the jury that operability of the weapon and liveness of the ammunition are elements of criminal weapon possession in the second degree denied him due process of law. The trial court charged the jury on criminal possession by reading the statutory definition: "[a] person is guilty of criminal possession of a weapon in the second degree when he possesses a machine-gun or loaded firearm with intent to use the same unlawfully against another." N.Y.Penal Law § 265.03 (McKinney 1980). It continued by reading § 265.00(15), which defines "loaded firearm" as:

> [A]ny firearm loaded with ammunition or any firearm which is possessed by one who, at the same time, possesses a quantity of ammunition which may be used to discharge such firearm.

N.Y.Penal Law § 265.00(15) (McKinney 1980). Neither operability of the weapon nor liveness of the ammunition were commented on by the trial court.

■ Petitioner asserts correctly that operability of the weapon and liveness of the ammunition are elements of the crime of weapon possession in the second degree. *See People v. Actie,* 99 A.D.2d 815, 815, 472 N.Y.S.2d 147 (2d Dept.1984) (operability of weapon); *People v. Ansare,* 96 A.D.2d 96, 97, 468 N.Y.S.2d 269 (4th Dept.

1983) (same); *People v. Garcia,* 46 A.D.2d 611, 611, 359 N.Y.S.2d 783 (1st Dept.1974) (liveness of ammunition). Rosenfeld was therefore entitled to have the jury instructed on those elements of the crime for which he was being tried. *See United States v. Walsh,* 700 F.2d 846, 856 n. 6 (2d Cir.), *cert. denied,* 464 U.S. 825, 104 S.Ct. 96, 78 L.Ed.2d 102 (1983); *United States v. Natale,* 526 F.2d 1160, 1167 (2d Cir.1975), *cert. denied,* 425 U.S. 950, 96 S.Ct. 1724, 48 L.Ed.2d 193 (1976). While failure to instruct the jury on the elements of operability and liveness constituted error, the question remains whether it amounted to an error of harmful dimension. We think it did not.

The Supreme Court has recently "reaffirmed the principle that an otherwise valid conviction should not be set aside if the reviewing court may confidently say, on the whole record, that the constitutional error was harmless beyond a reasonable doubt." *Delaware v. Van Arsdall,* 475 U.S. 673, 106 S.Ct. 1431, 1436, 89 L.Ed.2d 674 (1986). Thus, "[w]here a reviewing court can find that the record developed at trial establishes guilt beyond a reasonable doubt, the interest in fairness has been satisfied and the judgment should be affirmed." *Rose v. Clark,* —— U.S. ——, 106 S.Ct. 3101, 3107, 92 L.Ed.2d 460 (1986).

At trial, the state presented eyewitness testimony that petitioner fired a loaded revolver at an approaching bystander, who stated that he heard the shot and felt something "whiz" by his left ear. The arresting officer also testified that he examined the weapon used by petitioner, which was a nine-round .22 caliber revolver with eight live rounds and one casing with a firing mark on the casing under the hammer and found it to be in working order. Moreover, while specific instructions on operability and liveness were absent, the language of the instruction actually given on the definition of a loaded firearm—"which may be used to discharge such firearm"—indicated to the jury that both the weapon and the ammunition must be found functional. Considering these facts and the record as a whole, we conclude that the state trial

court's failure to give particularized instructions in this case on operability and liveness was harmless.

Accordingly, the judgment of the district court denying habeas relief is affirmed.