**Peter MAXWELL, Petitioner,**

v.

**Harold J. SMITH, Superintendent, Attica Correctional Facility, Defendant.**

**No. CIV–83–713E.**

United States District Court, W.D. New York.

Oct. 6, 1989.

---

R. Nils Olsen, Jr., Buffalo, N.Y., for petitioner.

Susan D. Nusbaum, Buffalo, N.Y., for defendant.

## MEMORANDUM AND ORDER

ELFVIN, District Judge.

In this habeas corpus petition pursuant to 28 U.S.C. § 2254, the petitioner raised four separate grounds for relief—*viz.*, (1) use of an involuntary confession at trial, (2) the prosecutor's knowing use of perjured testimony, (3) indictment by a grand jury which had been impanelled to the improper exclusion of women and students, and (4) ineffective assistance of counsel. A United States Magistrate for this district, to whom this Petition had been referred pursuant to 28 U.S.C. § 636(b)(1)(B), filed a Report and Recommendation wherein he concluded that grounds numbered 1, 2 and 4 should be denied on their merits and that this Court was precluded from reviewing ground number 3 on its merits because of a state procedural default. See *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). The petitioner has filed objections thereto.

At this time it is clear to this Court that this Petition should be again remanded to the Magistrate so that he can conduct a review of the merits of ground number 3.

The United States Supreme Court has recently held that a federal court on a petition for a writ of habeas corpus is not precluded from reviewing a federal claim that has been procedurally defaulted in state court "unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris v. Reed*, —— U.S. ——, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989) (*quoting from Caldwell v. Mississippi*, 472 U.S. 320, 327, 105 S.Ct. 2633, 2638, 86 L.Ed.2d 231 (1985)).

In the present situation the state appellate court affirmed the petitioner's conviction without opinion and the Magistrate, applying the presumptions set forth in *Martinez v. Harris*, 675 F.2d 51, 54 (2d Cir.), *cert. denied*, 459 U.S. 849, 103 S.Ct. 109, 74 L.Ed.2d 97 (1982), concluded that this Court was precluded from reviewing the merits of ground number 3. After *Harris v. Reed, supra*, it is clear that the presumptions set forth in *Martinez v. Harris, supra*, can no longer be utilized to discern what really is not discernible—*viz.*, what the appellate court had relied on, either the merits of the claim or the procedural default, when it affirmed the conviction without opinion—and therefore this Court is not precluded from reviewing its merits.

The respondent's argument that this case is distinguishable from *Harris v. Reed, supra*, inasmuch as the state court in that case did file a written opinion which was ambiguous as to what the court had relied on, whereas here the Appellate Division affirmed without opinion, is merely a fallacious attempt to overcome the express holding of *Harris v. Reed*. That holding made clear that a federal court is not precluded from reviewing a federal claim unless the state court has clearly and expressly stated its reliance on a procedural default. *Id.*, 109 S.Ct. at 1043. It is not possible to hold that an affirmance without opinion clearly and expressly states a court's reliance on a state procedural default; therefore the petitioner's grand jury claim must be considered on its merits. As such this Court deems it best to let the

Magistrate review this claim in the first instance and then allow either party, if he wishes, to object to whatever conclusion is thereafter reached. Thereby this Court will be able to decide everything before it at one time.

Accordingly, it is hereby ORDERED that the within Petition is again remanded to the Magistrate pursuant to 28 U.S.C. § 636(b)(1)(B) for the limited purpose of his reviewing the petitioner's improperly impanelled grand jury claim in light of *Harris v. Reed, supra.*