■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE HAYES, Appellant.—Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered June 5, 1990, convicting defendant, after a jury trial, of murder in the second degree and tampering with evidence, and sentencing him as a second felony offender, to consecutive terms of imprisonment of 25 years to life and 2 to 4 years, respectively, unanimously affirmed.

Defendant was convicted of killing his neighbor, whose decapitated and mutilated body was found several hours after the killing occurred. The principal witness against defendant was his live-in girlfriend, who testified that defendant had accused her and the neighbor of having an affair, and, several days after threatening to kill her and the neighbor, announced that the time was right. Armed with a gun, he went to the neighbor's apartment, whereupon the girlfriend heard two shots, and defendant called to her. Emerging from her apartment, the girlfriend saw the bloodied victim standing by the stairs, and she then retreated to her apartment and heard a loud crack. After the victim was dragged to a storage room, the girlfriend heard sawing. Defendant and his brothers, who were charged with covering up the crime, later took the neighbor's remains from the building. When defendant returned, the girlfriend took part in cleaning up the blood.

Defendant's claim on appeal that the jury should have been charged that his girlfriend was an accomplice as a matter of law is unpreserved, and, in any event, without merit, since the girlfriend was not potentially subject to prosecution for the murder *(People v Fielding,* 39 NY2d 607, 610). Nor did the court err in not submitting this accomplice issue to the jury as a question of fact. "[A] witness who is merely an accessory after the fact is not an accomplice for the purpose of the corroboration requirements of CPL 60.22" *(People v Brooks,* 170 AD2d 182, 183, *lv denied* 77 NY2d 958). Also without merit is defendant's claim that the evidence was insufficient as a matter of law to support the verdict. Viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found defendant guilty beyond a reasonable doubt on the basis of the girlfriend's testimony and the other evidence presented at trial *(People v Contes* 60 NY2d 620), and none of defendant's arguments on appeal suggest that the jury gave the girlfriend's testimony undeserved weight *(People v Bleakley,* 69 NY2d 490). We have considered defendant's remaining claims, including those raised in his supplemental brief, and find them either unpreserved or without merit. Concur—Rosenberger, J. P., Ellerin, Kupferman, Ross and Asch, JJ.