Gerald O. **QUIRAMA,** Petitioner–Appellant,

v.

Robert **MICHELE,** Superintendent, Eastern Correctional Facility, Respondent–Appellee.

No. 623, Docket 92–2375.

United States Court of Appeals, Second Circuit.

Argued Dec. 2, 1992.

Decided Jan. 4, 1993.

Randall D. Unger, Forest Hills, NY, for petitioner-appellant.

Tyrone Mark Powell, Asst. Atty. Gen., New York City (Robert Abrams, Atty. Gen., of counsel), for respondent-appellee.

Before: OAKES and WINTER, Circuit Judges, and PRESKA, District Judge.*

WINTER, Circuit Judge:

Gerald Quirama appeals from Judge Stanton's denial of his petition for a writ of habeas corpus. In the petition, Quirama challenged his state convictions and concurrent sentences as unconstitutional. Specifically, he argued that: (i) an instruction on accomplice liability was constitutionally defective; (ii) the mandatory minimum sentence was unconstitutionally long; and (iii) the prosecution failed to prove guilt by constitutionally sufficient evidence. Because the first two claims are procedurally barred and the third lacks merit, we affirm.

In 1985, Quirama was tried before a jury in a New York state court and convicted of criminal sale of a controlled substance in the first degree and criminal possession of a controlled substance in the first and third degree. He made no objection to the instruction on accomplice liability before the trial court. Thereafter, he received the mandatory minimum sentences, two concurrent terms of fifteen years to life for each of the first degree counts, and a term of five to fifteen years for the third degree count. Quirama made no claim to the sentencing court that the mandatory minimum sentence was unconstitutional.

Quirama appealed to New York State's Appellate Division, First Department, raising the three federal constitutional claims asserted in the instant petition. The state argued that his failure to make a contemporaneous objection to the instructions at trial and to object to the mandatory minimum sentences before the sentencing judge barred consideration of those issues on appeal. *See* N.Y.C.P.L. § 470.05(2); *People v. Thomas,* 50 N.Y.2d 467, 429 N.Y.S.2d 584, 407 N.E.2d 430 (1980) (stating that one must object to charge or objection is waived); *People v. Ingram,* 67 N.Y.2d 897, 899, 501 N.Y.S.2d 804, 492 N.E.2d 1220 (1986) (holding that sentence challenges must be raised before sentencing court or are unreviewable). The state also argued that the claims were meritless. The First Department unanimously affirmed Quirama's convictions without opinion. *People v. Quirama,* 147 A.D.2d 991, 538 N.Y.S.2d 887 (1st Dep't 1989). The Court of Appeals denied Quirama's leave to appeal without an opinion. *People v. Quirama,* 74 N.Y.2d 851, 546 N.Y.S.2d 1015, 546 N.E.2d 198 (1989). Quirama then sought the habeas corpus relief that is the subject of this appeal.

In denying relief, Judge Stanton held that Quirama's petition was barred with regard to the first two claims because the state court decision was based on independent and adequate state grounds. *Quirama v. Mitchele [sic],* 791 F.Supp. 82, 84–86 (1992). Judge Stanton also concluded that the evidence adduced at trial was sufficient to sustain the convictions. *Id.* at 84.

In *Coleman v. Thompson,* —— U.S. ——, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), the Supreme Court stated:

In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice ..., or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Id.* at ——, 111 S.Ct. at 2565. *Coleman* thus bars federal habeas review of federal

---

* The Honorable Loretta A. Preska, United States District Judge for the Southern District of New York, sitting by designation.

claims previously denied by state courts where the state court rejection of the federal claims was based upon an independent and adequate state procedural ground.

■ Because the First Department affirmed without opinion, there is no statement of record as to the grounds for its decision with regard to Quirama's first two claims. However, we addressed an almost identical issue in *Martinez v. Harris*, 675 F.2d 51 (2d Cir.), *cert. denied*, 459 U.S. 849, 103 S.Ct. 109, 74 L.Ed.2d 97 (1982). In *Martinez*, the petitioner argued that a supplemental jury charge was unconstitutional. His counsel had not objected to the instruction at trial and, as in the instant matter, the issue was first raised on appeal in the Appellate Division. Also, as here, the state argued that the claim was both procedurally barred and meritless. The Appellate Division affirmed without opinion and the Court of Appeals denied leave to appeal. Martinez petitioned the district court for habeas relief, and we held on appeal that federal habeas review was not available because the state court had found the federal claim to be procedurally barred under state law. We reached that conclusion because New York permits review of the merits of claims not raised in the trial court only sparingly and it is thus reasonable to presume that silence in the face of arguments asserting a procedural bar indicated that the affirmance was on state procedural grounds. *Id.* at 54–55.

Some decisions have questioned whether *Martinez* is still the law in light of the Supreme Court's decision in *Harris v. Reed*, 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989), which allowed federal habeas review of a state court's rejection of federal claims where the state court had not " 'clearly and expressly' state[d] ... that its judgment rests on a state procedural bar." *Id.* at 263, 109 S.Ct. at 1043; *see also Asherman v. Meachum*, 932 F.2d 137, 143–44 (2d Cir.1991) (stating that *Harris* has replaced *Martinez*), *vac. on other grounds*, 957 F.2d 978 (2d Cir.1992); *Peterson v. Scully*, 896 F.2d 661, 664 (2d Cir.) (stating that "*Harris* changes the law in this Circuit"), *cert. denied*, 497 U.S. 1038, 110 S.Ct. 3301, 111 L.Ed.2d 810 (1990).

However, in *Coleman*, the Supreme Court stated that *Harris* did not apply to affirmances without opinion unless there is "good reason to question whether there is an independent and adequate state ground for the decision." *Coleman*, —— U.S. at ——, 111 S.Ct. at 2559. As Judge Stanton and other district court judges have already stated, *Martinez*, if once in demise, is now resuscitated. *See Quirama*, 791 F.Supp. at 86; *Hartley v. Senkowski*, No. CV–90–0395, 1992 WL 58766, at *4–*8 (E.D.N.Y. Mar. 18, 1992); *Wilson v. Riley*, No. 90 Civ. 7591 (MGC), 1991 WL 238177, at *3–*6 (S.D.N.Y. Nov. 4, 1991).

We therefore reaffirm *Martinez* and conclude that the First Department's affirmance was based on independent and adequate state procedural grounds. The claims in issue were not raised in the trial court, and the procedural bar was argued by the state on appeal. There is no "good reason" to believe that the Appellate Division's silence reflects a decision on the merits. *Coleman*, —— U.S. at ——, 111 S.Ct. at 2559. Quirama is thus now barred from raising those claims by way of a habeas proceeding because he has not shown cause for his failure to object to the jury charge or sentences, nor prejudice therefrom. Nor has he shown that any miscarriage of justice would result. *See Murray v. Carrier*, 477 U.S. 478, 495–96, 106 S.Ct. 2639, 2949–50, 91 L.Ed.2d 397 (1986).

■ As for Quirama's claim regarding the sufficiency of the evidence, which was preserved at trial, we note that a defendant making such a challenge "bears a very heavy burden." *United States v. Rivalta*, 892 F.2d 223, 227 (2d Cir.1989). Only if, after viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could find the elements of the crime to exist, will the conviction be overturned. *See United States v. Montour*, 944 F.2d 1019, 1024 (2d Cir.1991).

Applying this standard, we conclude that the evidence was easily sufficient. Two witnesses, Drug Enforcement Agency undercover officer Jose Francescha and confidential informant Eduardo Flores, de-

scribed Quirama's active involvement in the drug sale. The evidence indicated that his major responsibility was to guard the cocaine. Moreover, Francescha testified that Quirama assured him that the cocaine was of excellent quality. Given this evidence, a rational trier of fact could easily have convicted.

We therefore affirm.