142 F.3d 517
 Bruce HAYES, Petitioner-Appellant,
v.
Philip COOMBE, Jr., Acting Commissioner of the Department of
Correctional Services, Daniel A. Senkowski,
Warden, Clinton Correctional Facility,
Respondents-Appellees.
 Docket No. 96-3722.
 United States Court of Appeals,
Second Circuit
 Argued March 25, 1998.
Decided April 9, 1998.
 
 Laurie S. Hershey, Garden City, NY, for Petitioner-Appellant.
 Mary C. Farrington, for Robert M. Morgenthau, District Attorney, New York County (Eleanor J. Ostrow, of counsel), New York City, for Respondents-Appellees.
 Before: FEINBERG, CALABRESI, and BRIGHT,* Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner appeals the district court's decision to dismiss his petition for a writ of habeas corpus.
 
 
 2
 The district court held that one of petitioner's claims was procedurally forfeited (because petitioner failed to make a contemporaneous objection at trial) and that the procedural default was adopted by the state appellate court as an independent and adequate ground for affirming the conviction.
 
 
 3
 Whether the claim was procedurally forfeited turns upon an analysis of the state court's opinion rejecting the claim. While an independent and adequate state ground for rejecting a federal claim (e.g., a state procedural rule) will bar a federal court from hearing the claim in a habeas corpus action, such an independent ground must be relied upon clearly and unambiguously in the state court's opinion. See Coleman v. Thompson, 501 U.S. 722, 735, 111 S.Ct. 2546, 2557, 115 L.Ed.2d 640 (1991) ("In habeas, if the decision of the last state court to which the petitioner presented his federal claims fairly appeared to rest primarily on resolution of those claims, or to be interwoven with those claims, and did not clearly and expressly rely on an independent and adequate state ground, a federal court may address the petition."). This "clear statement rule" has been described by the Supreme Court both as jurisdictional, see Michigan v. Long, 463 U.S. 1032, 1039, 1042, 103 S.Ct. 3469, 3475, 3477, 77 L.Ed.2d 1201 (1983) (in cases pertaining to the Supreme Court's direct appellate jurisdiction over state courts), and as a prudential gatekeeping measure, see Harris v. Reed, 489 U.S. 255, 265, 109 S.Ct. 1038, 1044-45, 103 L.Ed.2d 308 (1989) (in habeas corpus cases).
 
 
 4
 Accordingly, in Coleman, the High Court found that no federal question was preserved when the sole ground on which the state had moved to dismiss petitioner's claim was an adequate state procedural bar and the state court had granted the dismissal without comment. See Coleman, 501 U.S. at 732-40, 111 S.Ct. at 2555-60. Similarly, in Ylst v. Nunnemaker, 501 U.S. 797, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991), a companion case to Coleman, the Supreme Court held that when a lower state court spoke clearly, all unexplained affirmances of that opinion by higher state tribunals must ordinarily be read to confirm the unambiguous holding of the lower court. See id. at 801-03, 111 S.Ct. at 2593-95. And in Quirama v. Michele, 983 F.2d 12 (2d Cir.1993), we held that a state court's silent rejection of an appeal creates a presumption against habeas review even if the government had previously argued both substantive and procedural grounds to the state court. See id. at 14.
 
 
 5
 In the instant appeal, the state appellate court wrote: "We have considered defendant's remaining claims, including those raised in his supplemental brief, and find them either unpreserved or without merit." People v. Hayes, 184 A.D.2d 335, 336, 585 N.Y.S.2d 207, 208 (1st Dep't 1992) (emphasis added). Whether this language in a state court's affirmance is too ambiguous to preclude federal court review on the independent ground of procedural default has yet to be determined in this circuit. But the district court, relying on Quirama, and extending its scope, held petitioner's claims to be procedurally defaulted.
 
 
 6
 Quirama involved a silent state court affirmance in the face of alternative substantive and procedural arguments, whereas the instant case concerns a written opinion that defendant's claims were "either unpreserved or without merit," Hayes, 184 A.D.2d at 336, 585 N.Y.S.2d at 208, i.e., a holding that is itself facially ambiguous.[1] Thus, in concluding that the claim was governed by the state procedural default, the district court did something that our court, to our knowledge, has not done since the Long/Harris rule was created. Some of our recent cases, moreover, could be read as negatively disposed to such an expansion of Quirama. See, e.g., Tankleff v. Senkowski, 135 F.3d 235 (2d Cir.1998); Jones v. Vacco, 126 F.3d 408 (2d Cir.1997).[2]
 
 
 7
 But the exact scope of Quirama and its continued vitality need not be resolved today. Because we agree with the government that petitioner's claim is patently devoid of merit, we may affirm the dismissal of his petition without addressing the procedural complications that have been raised by the appellee. And we may do so even if these complications are jurisdictional in nature. See Browning-Ferris Indus. v. Muszynski, 899 F.2d 151, 159 (2d Cir.1990) (articulating the doctrine of hypothetical jurisdiction).[3]
 
 
 8
 All of the other claims raised by the petitioner, including a new one he presents for the first time on appeal (regarding the cumulative effect of his individual claims for relief), are without merit.[4]
 
 
 9
 For these reasons, the judgment of the district court dismissing the petition is
 
 
 10
 AFFIRMED.
 
 
 
 *
 The Honorable Myron H. Bright, Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation
 
 
 [1]
 Coleman itself could be taken to distinguish between silent state court affirmances and those that are facially ambiguous, for it emphasized the absence of any "mention of federal law in the [state court's] dismissal order." Coleman, 501 U.S. at 740, 111 S.Ct. at 2559
 
 
 [2]
 In Jones we noted that "[t]he Appellate Division did not explicitly address Jones' [substantive federal claim]," Jones, 126 F.3d at 412, but that it had "considered defendant's remaining contentions and found them to be without merit," id. at 415, and we added that "when, as here, an opinion is available[,] [w]e are bound by the grounds stated in the opinion," id. In Tankleff, we rejected a procedural default argument in the face of a lower state court opinion that reached the merits and an Appellate Division affirmance that used language almost identical to that employed in the instant appeal. See Tankleff, 135 F.3d at 247. While the holdings in both Jones and Tankleff could also be explained as relying on one of the presumptions in Ylst, since in both Jones and Tankleff the ambiguous affirmance followed on a clear lower court ruling on the merits, neither Jones nor Tankleff made any reference to Ylst. Nor, However, did either case cite or discuss Quirama
 
 
 [3]
 Similarly, we may avoid the derivative question of whether either cause and prejudice or a complete miscarriage of justice might have excused the putative procedural default
 
 
 [4]
 Because we find the remaining claims to be meritless, we also need not address the district court's analysis of whether another one of petitioner's claims was "fairly presented" to the state court for purposes of the exhaustion requirement set forth in Daye v. Attorney General, 696 F.2d 186, 191 (2d Cir.1982) (in banc )