Timothy KIRBY, Petitioner–Appellant,

v.

Daniel A. SENKOWSKI, Respondent–
Appellee.

Docket No. 01–2347.

United States Court of Appeals,
Second Circuit.

April 23, 2003.

Richard Willstatter, Green & Willstatter, White Plains, NY, for Appellant.

Susan Axelrod, Assistant District Attorney (Robert M. Morganthau, New York County District Attorney, Morrie I. Kleinbart, Assistant District Attorney, on the brief), New York, NY, for Appellee.

Present: JACOBS, STRAUB, Circuit Judges, and WOOD, District Judge.*

---

\* The Honorable Kimba M. Wood, District Judge of the United States District Court for the Southern District of New York, sitting by designation.

1. In his brief, Kirby also argued that his trial counsel was constitutionally ineffective for

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be **AFFIRMED.**

Petitioner-appellant Timothy Kirby was convicted in 1986 by a jury in New York County Supreme Court (Altman, *J.*), of murder, attempted murder, and assault, following three mistrials that ended with hung juries. Kirby appeals from the denial, by the United States District Court for the Southern District of New York (Chin, *J.*), of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Kirby v. Senkowski*, 141 F.Supp.2d 383 (S.D.N.Y.2001).

On appeal, Kirby argues that (1) a remand is required for an evidentiary hearing as to whether his trial counsel was constitutionally ineffective for not calling certain witnesses at the fourth trial, and (2) the introduction of certain eavesdropped statements at trial violated Title III of the Omnibus Crime Control Act of 1968 ("Title III"), 18 U.S.C. § 2510, *et seq.*, and this violation amounted to the denial of Kirby's rights under the federal Constitution.[1]

(1) According to Kirby, an evidentiary hearing under 28 U.S.C. § 2254(e)(2) is necessary to determine why his trial counsel failed to call at the fourth trial two witnesses, Anthony Keith and Gregory Stevens, who had given testimony favorable to Kirby at his first trial. To obtain such a hearing, however, Kirby was required to show that he was reasonably diligent in developing the factual record, as to his ineffective assistance claim, in state

---

failing to challenge admission of the eavesdropped statements based on Title III, but Kirby withdrew this contention at oral argument.

court. *See* 28 U.S.C. § 2254(e)(2); *Williams v. Taylor*, 529 U.S. 420, 437, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000) ("Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings."). Since Kirby appears to have made no effort whatever to develop the relevant factual record in state court, and offers no excuse for the lack of diligence, he does not satisfy the requirements for obtaining the hearing he seeks.[2]

(2) Kirby's argument that the admission of eavesdropped statements violated Title III was not raised before the state courts, and the claim is therefore procedurally defaulted. Kirby's trial counsel objected to admission of the statements under the Fourth and Fifth Amendments but failed to raise Title III, and on direct appeal, the government argued that any potential Title III claim was unpreserved as well as meritless. The First Department affirmed without opinion, and we "presume that [such] silence in the face of arguments asserting a procedural bar indicated that the affirmance was on state procedural grounds." *Quirama v. Michele*, 983 F.2d 12, 14 (2d Cir.1993). Having conceded at oral argument that trial counsel did not render ineffective assistance with regard to admission of the eavesdropped statements, Kirby cannot show cause for the *failure to object on Title III grounds*, and we see no fundamental miscarriage of justice. We therefore do not reach Kirby's arguments as to whether the alleged federal statutory violation would qualify as the denial of a constitutional right under 28 U.S.C. § 2253(c). *See generally Coleman v. Thompson*, 501 U.S. 722, 749–50, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Fama*

*v. Comm'r of Corr. Servs.*, 235 F.3d 804, 809 (2d Cir.2000) ("Federal courts may not review state court decisions that rest on an adequate and independent state procedural default unless petitioner can show both cause and prejudice or a fundamental miscarriage of justice.").

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**

---

**2.** The government has represented that Kirby still has remedies available in state court, namely the filing of a motion to vacate his conviction under N.Y.Crim. Proc. Law § 440.10, and that such a motion will not be opposed on procedural grounds. Thus, it appears that the state courthouse is still open to Kirby.