**Raul ACOSTA, Petitioner,**

v.

**M. GIAMBRUNO, Warden of Wyoming, C.F., Respondent.**

**No. 04 Civ. 1415(VM).**

United States District Court, S.D. New York.

July 13, 2004.

## DECISION AND ORDER

MARRERO, District Judge.

*Pro se* petitioner Raul Acosta ("Acosta") filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (" § 2254"). Acosta pled guilty in New York State Supreme Court to criminal use of a firearm in the first degree in violation of New York Penal Law § 265.09(1), for which he was sentenced to an indeterminate term of imprisonment from eight to sixteen years. As part of his plea agreement, Acosta waived his right to appeal. In his petition for habeas corpus review, Acosta claims that his waiver encompassed only his right to appeal his conviction and not his right to appeal his sentence. Acosta further claims that his sentence was excessive given his age and the circumstances of his offense. Respondent M. Giambruno, the warden of New York State Wyoming Correctional Facility (the "State") where Acosta is housed, opposes the petition. For the reasons discussed below, Acosta's petition is denied in its entirety.

## I. BACKGROUND [1]

### A. FACTUAL SUMMARY AND PROCEDURAL HISTORY

On July 24, 1993, Acosta shot and killed Isaac Lopez ("Lopez") following an argument that originated from Lopez's refusal to move his double-parked car, which blocked passage of the vehicle Acosta was driving. Acosta was subsequently indicted on charges of murder in the second degree, manslaughter in the first degree, criminal possession of a firearm in the second and third degrees, and reckless endangerment in the first degree.

During Acosta's plea hearing on July 21, 2000, he pled guilty to criminal use of a firearm in the first degree in full satisfaction of his indictment. In exchange, Acosta consented to a sentence of eight to sixteen years imprisonment and an agreement not to appeal. During the plea hearing, Acosta's counsel made clear that Acosta "would not be appealing his plea and sentence." (Opp. Ex. 1 at 3.) The state court judge who presided over the plea hearing reaffirmed the bargain by asking Acosta whether he understood that he was giving up his "right to appeal, to challenge this plea and that sentence of eight to sixteen years." (Opp. Ex. 1 at 7.) Acosta affirmed that this was the promise he had made in exchange for his plea. (*See id.*)

On August 17, 2000, the New York Supreme Court, Bronx County (the "sentencing court") convicted Acosta, pursuant to his guilty plea. After both the prosecutor and defense counsel asked the sentencing court to impose the agreed-upon sentence, the court sentenced Acosta to the indeterminate prison term of eight to sixteen years. At the end of the sentencing hearing when the clerk of the court notified Acosta of his right to appeal, Acosta's counsel stated that "the record should reflect that [Acosta] waived his right to appeal." (Opp. Ex. 2 at 4.)

On direct appeal to the Supreme Court of New York, Appellate Division, First Department (the "Appellate Division") Acosta argued only that his negotiated sentence was excessive. He claimed that "notwithstanding [his] waiver of his right to appeal, following the court's cursory inquiry into the waiver, this Court should consider whether [his] sentence was excessive in

---

**1.** The factual summary that follows derives from the following documents: Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus, dated Oct. 6, 2003 ("Petition"); and Affidavit in Opposition with accompanying exhibits, dated Apr. 29, 2004 ("Opp."). Except where specifically referenced, no further citation to these sources will be made.

the interest of justice." (Opp. Ex. 3 at 8.) In response, the state prosecutor invoked 22 N.Y.C.R.R. § 600.16(b)[2] and elected not to address the merits of the excessive sentence claim, but rather urged the Appellate Division to enforce the waiver.

On February 27, 2003, the Appellate Division affirmed the sentencing court's judgment without opinion. *See People v. Acosta*, 754 N.Y.S.2d 620 (App. Div. 1st Dep't 2003). On June 10, 2003, the New York Court of Appeals denied leave to appeal. *See People v. Acosta*, 100 N.Y.2d 559, 763 N.Y.S.2d 816, 795 N.E.2d 42 (N.Y. 2003).

### B. *ACOSTA'S HABEAS CORPUS PETITION*

Acosta makes two claims in his petition for habeas corpus. First, he insists that his guilty plea "was elicited with the understanding that the conviction could not be appealed, not [that] the sentence [could not be appealed]." (Petition at 5.) He asserts that there was an understanding that the sentencing judge could consider any mitigating factors and potentially reduce the sentence. Second, Acosta claims that the eight to sixteen year prison sentence was unduly harsh considering that he is approximately 47 years old and that the incident was provoked by the victim, who was angry, high on drugs, and armed with a gun.

The State oppose Acosta's petition on the grounds that: (1) Acosta's claims are unexhausted; (2) Acosta's excessive sentence claim is procedurally barred; and (3) Acosta's underlying claim of excessive sentence is not cognizable on habeas review.

## II. DISCUSSION

### A. STANDARD FOR HABEAS CORPUS REVIEW

#### 1. *General Principles*

A petitioner in custody pursuant to a judgment of a state court is entitled to habeas relief only if he can show that his detention violates the United States Constitution or federal law or treaties of the United States. *See* 28 U.S.C. § 2254(a). The purpose of federal habeas review of state court convictions is to "assure that when a person is detained unlawfully or in violation of his constitutional rights he will be afforded an independent determination by a federal court of the legality of his detention, even though the issue may already have been decided on the merits by a state tribunal." *United States ex rel. Radich v. Criminal Court of New York*, 459 F.2d 745, 748 (2d Cir.1972).

#### 2. *Standard of Review*

Pursuant to the various sub-sections of § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214, this Court's review is guided by certain restrictions on the nature and extent of review that a federal court can conduct in considering a habeas petition. Under § 2254, if a state court adjudicates a petitioner's federal claim on the merits, a federal court on habeas corpus review must defer to the state court's determination of that claim unless such adjudication resulted in a decision that was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or was "based on an unrea-

---

**2.** The rules of the Appellate Division, First Department provide that upon appeal from a guilty plea, "respondent may elect to file a brief that urges an affirmance of the judgment solely upon a claim that there is no reviewable issue because appellant made a valid waiver of the right to appeal." 22 N.Y.C.R.R. § 600.16(b).

sonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

■ A state court adjudicates a petitioner's federal claim "on the merits," and thus triggers the highly-deferential AEDPA standard of review, when it: (1) disposes of the claim on the merits; and (2) reduces its disposition to judgment. *See Sellan v. Kuhlman*, 261 F.3d 303, 312 (2d Cir.2001). In so doing, the state court need not explicitly refer to either the particular federal claim or to any federal case law. *See id.* The only requirement is that the claim be finally resolved, with res judicata effect, on substantive rather than procedural grounds. *See id.* at 311.

■ If the state court does not adjudicate a petitioner's federal claim on the merits, the state court's decision on the federal claim is entitled to no deference and instead, the federal court must apply a pre-AEDPA *de novo* review to the state court's disposition of the federal claim. *See Cotto v. Herbert*, 331 F.3d 217, 230 (2d Cir.2003) (citing *Aparicio v. Artuz*, 269 F.3d 78, 93 (2d Cir.2001)).

### 3. *Factual Determinations by the State Court*

■ Under § 2254, factual determinations made by the state court are presumed to be correct, and the petitioner carries the burden to rebut this presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). Consequently, this Court presumes that the factual findings of the New York courts are correct and will not set aside those findings unless "the material facts were not adequately developed" or the factual determinations are not fairly supported by the record. *Smith v. Mann*, 173 F.3d 73, 76 (2d Cir.1999).

### 4. *Exhaustion Doctrine*

■ Generally, a petitioner must have exhausted the remedies available to him in state court before seeking habeas corpus relief, unless there is no state corrective process or it otherwise appears that such process would be ineffective to protect the petitioner's rights. *See* 28 U.S.C. § 2554(b)(1). The Second Circuit employs a two-prong test to determine whether a habeas claim is exhausted. *See Mercedes v. Herbert*, No. 01 Civ. 1359, 2002 WL 826809, at \*4 (S.D.N.Y. Apr.30, 2002). First, a petitioner must present "the essential factual and legal premises of his federal constitutional claim to the highest state court capable of reviewing it." *Cotto*, 331 F.3d at 237 (citation omitted). Thus, "a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971).

■ Second, a habeas petitioner must have " 'fairly presented' to the state courts the 'substance' of his federal habeas corpus claim." *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982). It is not sufficient that a petitioner merely alleges the facts necessary for the federal claim or a similar state law claim. *See id.* In other words, "[t]he claim presented to the state court ... must be the 'substantial equivalent' of the claim raised in the federal habeas petition." *Jones v. Keane*, 329 F.3d 290, 295 (2d Cir.2003) (citations omitted). A state defendant may "fairly present" his constitutional claim to a state court in a number of ways, including:

(a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right

protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.

*Daye v. Attorney Gen. of the State of New York,* 696 F.2d 186, 194 (2d Cir.1982) (*en banc* ); *see also Petrucelli v. Coombe,* 735 F.2d 684, 688 (2d Cir.1984).

Notwithstanding this elaborate test, under certain limited circumstances a federal court retains discretion to entertain the merits of a petitioner's federal claim even if it is not exhausted in state court. *See* 28 U.S.C. § 2554(b)(2).

### 5. *Independent and Adequate State Grounds*

Under the doctrine of independent and adequate state grounds, a federal court should not address a petitioner's habeas corpus claim if the state judgment can be sustained on state law grounds that are independent of the federal questions raised and that are adequate to support the judgment. *See Lee v. Kemna,* 534 U.S. 362, 375, 122 S.Ct. 877, 151 L.Ed.2d 820 (2002) (citing *Coleman v. Thompson,* 501 U.S. 722, 729, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)); *Garcia v. Lewis,* 188 F.3d 71, 76–78 (2d Cir.1999). In cases where the highest state court that rendered a judgment in the case "clearly and expressly states that its judgment rests on a state procedural bar" it will be presumed that such procedural bar constitutes independent and adequate state grounds to deny habeas relief. *Harris v. Reed,* 489 U.S. 255, 263, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989) (internal quotations and citations omitted); *see also Levine v. Commissioner of Corr. Servs.,* 44 F.3d 121, 126 (2d Cir.1995). The *Harris* presumption against state courts issuing judgments based on state procedural bars, however, does "not apply to affirmances without opinion unless there is 'good reason to

question whether there is an independent and adequate state ground for the decision.'" *Quirama v. Michele,* 983 F.2d 12, 14 (2d Cir.1993) (quoting *Coleman,* 501 U.S. at 739, 111 S.Ct. 2546). Accordingly, when a state appellate court affirms without opinion "in the face of arguments asserting a procedural bar[,] [it gives rise to the presumption] that the affirmance was on state procedural grounds." *Id.*

A procedural default, however, may be excused by a federal court if the petitioner demonstrates either cause for the default and actual prejudice from the alleged violation of federal law; or that the failure to consider the claims will "result in a fundamental miscarriage of justice." *Coleman,* 501 U.S. at 750, 111 S.Ct. 2546. In this context, "cause" is defined as " 'some objective factor external to the defense [that] impeded counsel's efforts' to raise the claim in state court." *McCleskey v. Zant,* 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991) (quoting *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)). Moreover, "actual prejudice" requires the petitioner to prove "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady,* 456 U.S. 152, 170, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Where petitioner is unable to show cause, however, the court need not consider actual prejudice. *See McCleskey,* 499 U.S. at 501, 111 S.Ct. 1454.

A miscarriage of justice occurs "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent,...." *Murray,* 477 U.S. at 496, 106 S.Ct. 2639; *see also Dixon v. Miller,* 293 F.3d 74, 81 (2d Cir.2002). A petitioner establishes actual innocence by demonstrating that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Dixon,*

293 F.3d at 81 (internal quotations and citations omitted). In this context, " 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623–24, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (citing *Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992)).

B. *APPLICATION*

▆▆ At the outset, the Court notes that Acosta raised his excessive sentence claim to the Appellate Division, though not his scope of waiver claim. The Appellate Division denied Acosta's excessive sentence claim without a written opinion, and did not rule on his scope of waiver claim because he never presented it. Hence, neither claim was likely decided on the merits, particularly in light of the presumption that review was not on the merits when the Appellate Division issues a silent affirmance in the face of arguments asserting only a procedural bar, as discussed above. Consequently, this Court applies a pre-AEDPA *de novo* review to Acosta's federal claims. Such a result, however, is not decisive of Acosta's petition because, as discussed below, the petition can be dismissed in its entirety on both procedural grounds and upon a *de novo* review of the merits of his claims.

▆▆ The Court finds that both of the grounds for habeas relief Acosta asserts can be summarily denied under the exhaustion doctrine. First, in addition to the lack of any factual support in the record whatsoever, the legal premise of Acosta's claim that he was improperly denied the right to appeal his sentence was never appealed to the highest New York state court capable of reviewing his claim. Thus, Acosta has not provided "the State [with] an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Picard*, 404 U.S. at 275, 92 S.Ct. 509 (quoting *Wilwording v. Swenson*, 404 U.S. 249, 250, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971)). More fundamentally, Acosta never even "fairly presented" this argument to any New York state court at any time during the appeals process. Acosta appears to have conceived this ground for relief at some point after the New York Court of Appeals denied his leave to appeal, and thus, the claim is unexhausted.

▆▆ Second, although Acosta presented the factual premise and legal arguments of his excessive sentence claim to the Appellate Division, it is clear that this claim was grounded solely in state law and was not one that implicated a federal constitutional issue. In fact, in Acosta's brief to the Appellate Division, he failed to cite a single federal or state case directly employing federal constitutional analysis, as required for "fair presentation" by the first two factors set forth in *Daye*.[3] Similarly, Acosta neither asserted his "claim in terms so particular as to call to mind a specific right protected by the Constitution," nor alleged "a pattern of facts that is well within the mainstream of constitutional litigation," as required by the third and fourth *Daye* factors. *Daye*, 696 F.2d at 194.

In addition, Acosta based his excessive sentence argument to the Appellate Divi-

---

**3.** None of the cases Acosta cited to the Appellate Division employs any appreciable degree of federal constitutional analysis. While it is conceivable that some of the cases Acosta relied upon may cite decisions grounded on federal constitutional principles, the Court finds that under the factors set forth in *Daye*,

Acosta has not presented his excessive sentence claim in federal constitutional terms so as to afford the state court a fair opportunity to rule on it. *See Petrucelli*, 735 F.2d at 689 ("Federal judges will not presume that state judges are clairvoyant.").

sion on the New York State rules of criminal procedure for sentencing review, thus further reinforcing the state law basis of his claim. *See* N.Y.Crim. Proc. Law § 470.15(3). In short, it is plain from the record that Acosta never presented any constitutional argument, nor was any such issue considered by the New York State courts on direct appeal. Consequently, Acosta's Eighth Amendment excessive sentence argument, like his denial of right to appeal claim, is also unexhausted under the applicable standard.

■ New York state law, however, procedurally bars any further review of such unexhausted claims after a petitioner previously sought leave to appeal in state court. *See* N.Y. Ct. Rules § 500.10(a) (stating that only one application for leave to appeal to the New York Court of Appeals is permitted); *see also* N.Y.Crim. Proc. Law § 440.10(2)(c) (stating that collateral review is barred if the claim could have been raised on direct review). Thus, Acosta "cannot again seek leave to appeal these claims in the [New York] Court of Appeals because he has already made the one request for leave to appeal to which he is entitled." *Grey v. Hoke*, 933 F.2d 117, 120 (2d Cir.1991) (interpreting New York law). Accordingly, the Court may deem his claim exhausted. *See id.* Nevertheless, as discussed below, Acosta's inability to return to state court also provides an independent and adequate state ground upon which his claims are procedurally defaulted.[4]

■ Acosta's procedural default arising from his failure to bring his denial of right to appeal and excessive sentence federal claims to the state court represents the first independent and adequate state ground upon which this Court dismisses his claims. Courts have consistently held that claims deemed exhausted due to a state procedural bar are effectively procedurally defaulted and federal courts are normally barred from considering the claims on the merits under the independent and adequate state grounds doctrine. *See Coleman*, 501 U.S. at 731, 111 S.Ct. 2546; *Engle v. Isaac*, 456 U.S. 107, 128–29, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *Lebron v. Mann*, 40 F.3d 561, 564 (2d Cir.1994). Consequently, Acosta can bring his claim in federal court only by establishing "cause for the default and actual prejudice" or "a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750, 111 S.Ct. 2546. Because neither exception is applicable here, as discussed in detail below, Acosta's claims are procedurally barred.

■ In addition to Acosta's procedural default, the Court finds that his affirmative waiver of his right to appeal also provides further independent and adequate state grounds to deny habeas relief. The record is clear that Acosta validly waived his right to appeal his sentence as a condition to his plea agreement, which is both independent of the federal question raised and adequate to support the judgment. The *Harris* presumption against state courts issuing judgments based on a state procedural bar is inapplicable to this case because the State's brief to the Appellate Division argued only for a procedural bar on the

---

**4.** The Court is mindful that Acosta appears *pro se* in this action, and thus, would be entitled to greater leeway regarding compliance with procedural technicalities. In a habeas context, however, Acosta's procedural default deprived the New York courts of an opportunity to address and correct the alleged violations of his federal constitutional rights, consequently disrupting New York's state judicial proceedings. *See Coleman*, 501 U.S. at 731, 111 S.Ct. 2546. Accordingly, while cognizant of the appropriate latitude afforded to Acosta, the Court finds that his failure to bring his federal claims in state court is more than a mere procedural infraction, but rather one that cannot be readily excused.

ground that Acosta validly waived his right to appeal the sentence, and refrained from addressing the merits of Acosta's argument. Thus, it can be inferred that the Appellate Division's affirmance was issued on the State's proffered state procedural grounds. *See Quirama,* 983 F.2d at 14 ("New York permits review of the merits of claims not raised in the trial court only sparingly and it is thus reasonable to presume that silence in the face of arguments asserting a procedural bar indicated that the affirmance was on state procedural grounds."). Thus, Acosta's claims are properly denied under the independent and adequate state grounds doctrine.

■ While the Court is mindful that it may excuse Acosta's defaults, it declines to do so because Acosta has failed to demonstrate cause for the default and actual prejudice arising therefrom, or a miscarriage of justice. First, Acosta has not alleged any cause or actual prejudice for his failure to properly raise his federal claims in state court or his waiver of his right to appeal. Acosta has thus failed to show "some objective factor, external to . . . [his] defense [that] impeded counsel's efforts" to bring his federal constitutional claims in state court, nor does the record suggest any such factor. *Murray,* 477 U.S. at 488, 106 S.Ct. 2639. In addition, Acosta has failed to demonstrate "actual and substantial disadvantage, infecting his entire trial," and, as discussed below, the merits of his claims are devoid of any "constitutional dimension[ ]" whatsoever. *Frady,* 456 U.S. at 170, 102 S.Ct. 1584.

■ Second, Acosta has likewise failed to point to any potential "miscarriage of justice" (suggesting his actual innocence) from the Appellate Division's affirmance of the sentencing court's judgment. Indeed, Acosta's guilty plea inherently precludes any inquiry into his factual innocence because he does not allege that his plea was not knowing and voluntary. Accordingly, the Court discerns no miscarriage of justice stemming from the Court's refusal to excuse Acosta's default. In the end, Acosta can find no refuge from the procedural barriers to his petition, and thus, the Court dismisses his claim on these grounds. *See White v. Keane,* 969 F.2d 1381, 1383 (2d Cir.1992).

■ Even considering the merits of Acosta's excessive sentence claim under the Eighth Amendment, the Court finds no basis to grant the habeas relief he seeks. Acosta contends that considering his age and the circumstances of his crime, his sentence violates the Eighth Amendment prohibition against cruel and unusual punishment.[5] It is well settled, however, that "[n]o federal constitutional issue is presented where . . . the sentence is within the range prescribed by state law." *Id.* Thus, issues of sentencing rationales and ranges are "generally a policy choice to be made by state legislatures, not federal courts." *Ewing v. California,* 538 U.S. 11, 25, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003). Accordingly, "a reviewing court rarely will be required to engage in extended analysis to determine that a sentence is not constitutionally disproportionate" because "the decision of a sentencing . . . [court] is entitled to substantial deference, . . . ." *United States v. Persico,* 853 F.2d 134, 138 (2d Cir.1988) (citation omitted); *see also Hemphill v. Senkowski,* No. 02 Civ. 7093, 2004 WL 943567, at *11 (S.D.N.Y. May 3, 2004).

■ In this case, Acosta pled guilty to criminal use of a firearm in the first de-

---

**5.** Acosta never specifically claims any violation of his constitutional rights in his petition. However, in light of his *pro se* appearance in this action, the Court liberally construes his "unduly harsh sentence" claim as an Eighth Amendment claim.

gree, which is a Class B violent felony offense. At the time that Acosta committed his crime, the New York Penal Code set the sentencing range for a Class B felony at a minimum of six years and a maximum of twenty-five years.[6] *See* N.Y. Penal Law § 70.02(3)(a) (McKinney 1993). Acosta's plea-bargained sentence of an indeterminate eight to sixteen year term of imprisonment falls squarely within the range prescribed by New York law and therefore poses no federal constitutional violation. In addition, the individual circumstances Acosta presents in his petition, *i.e.,* that he is approximately 47 years old and that the incident was provoked by the victim, who was angry, high on drugs, and armed with a gun, are simply not factors that this Court may consider for habeas relief in accordance with the Eighth Amendment. *See Monegro v. Greiner,* No. 03 Civ. 2735, 2004 WL 187129, at *7 (S.D.N.Y. Jan.28, 2004) (stating that individual circumstances such as age and criminal history "are simply not factors considered in the federal case law interpreting the Eighth Amendment").

The Court notes that Acosta seeks to challenge his sentence in the face of his plea and sentencing proceedings, which teem with reaffirmations by Acosta and his counsel that the indeterminate eight to sixteen year sentence is that for which Acosta had bargained. While Acosta does not argue for ineffective assistance of counsel, he challenges the constitutionality of a sentence he freely agreed to as part of his plea bargain with his counsel's presumed effective and vigorous assistance. Under these circumstances, the Court agrees with the State that Acosta's Eighth Amendment excessive sentencing claim is not cognizable on habeas review.

As is the case with Acosta's excessive sentence claim, the Court need not inquire into the merits of his denial of right to appeal his sentence because it is procedurally barred on two independent and adequate state grounds, as discussed above. Even if Acosta's denial of right to appeal claim were not procedurally barred, the Court dismisses it because it is wholly lacking in merit.

Acosta claims that in his plea agreement, he agreed that only his conviction, as opposed to his sentence, could not be appealed. He further argues that the Appellate Division's misinterpretation of this fact and its subsequent dismissal of the case on the procedural ground that he had waived his right to appeal his sentence, pursuant to New York Criminal Procedure Law § 450.10, amounted to a violation of his due process rights.

■ Although there is no constitutional right to an appeal, a state must adhere to due process principles under the Fourteenth Amendment after it does grant a right to appeal. *See Evitts v. Lucey,* 469 U.S. 387, 403–04, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). Accordingly, issues of due process are implicated when a defendant is denied an adequate opportunity to pursue his appeal, fails to receive an adjudication on the merits, or is treated differently in such a way as to stifle the pursuit of a meaningful appeal. *See id.* at 402–05, 105 S.Ct. 830.

■ In New York, a defendant may appeal as of right to the Appellate Division. *See* N.Y.Crim. Proc. Law § 450.10 (McKinney 2004). This right, however, is

---

**6.** This statutory provision has been subsequently amended to set the minimum sentence for a Class B violent felony offense at five years and to require a determinate sentence upon conviction of a violent felony offense. *See* N.Y. Penal Law § 70.02(2)(a) and (3)(a) (McKinney 2004).

not absolute. Under New York law, the right to appeal is exempted where, as here, a petitioner bases his appeal on an alleged harsh sentence claim after having negotiated a guilty plea in exchange for an agreed-upon sentence. *See* N.Y.Crim. Proc. Law § 450.10(1).[7] As discussed above, the Appellate Division's silent affirmance of the lower court gives rise to an inference that it ruled on the basis of a state procedural bar rather than on the merits.

Moreover, Acosta's claim that he never waived his right to appeal is directly contradicted by numerous denials on the record by both Acosta and his counsel of this very right. (*See e.g.,* Opp. Ex. 1 at 3, 7; Opp. Ex. 2 at 4.) Furthermore, Acosta's petition implicitly asks this Court to find that the Appellate Division wrongfully interpreted its own state rule of criminal procedure. Thus, Acosta's claim is ultimately a dispute of fact and of state law statutory interpretation, not a claim that his federal due process rights have been violated by being denied a right to appeal his sentence. This Court can provide Acosta no relief on such grounds and accordingly, finds no merit to any of his arguments upon which he bases his petition for writ of habeas corpus. The petition is denied.

## III. *ORDER*

For the reasons set forth above, it is hereby

**ORDERED** that the petition of Raul Acosta ("Acosta") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED in its entirety.

Because Acosta has failed to make a substantial showing of a denial of a constitutional right, the Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c).

The Clerk of Court is directed to close this case.

**SO ORDERED.**

---

7. Under this provision, a criminal defendant has the right to appeal "[a] judgment other than one including a sentence of death, *unless* the appeal is based solely upon the ground that a sentence was harsh or excessive when such sentence was predicated upon entry of a plea of guilty and the sentence imposed did not exceed that which was agreed to by the defendant as a condition of the plea and set forth on the record...." N.Y.Crim. Proc. Law § 450.10(1) (McKinney 2004) (emphasis added).