David CALDERON, Petitioner–
Appellant,

v.

John P. KEANE, Respondent–Appellee.

Docket No. 03–2669.

United States Court of Appeals,
Second Circuit.

Sept. 10, 2004.

Darrell B. Fields, The Legal Aid Society, New York, NY, for Petitioner–Appellant.

Meredith Boylan, Assistant District Attorney (Mark Dwyer, Assistant District Attorney, of counsel), for Robert M. Morgenthau, District Attorney for New York County, for Respondent–Appellee.

PRESENT: MESKILL, MINER, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioner–Appellant David Calderon, an inmate at Sing Sing Correctional Facility, in Ossining, New York, appeals from an order of the United States District Court for the Southern District of New York (Duffy, *J.*) denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254. After Calderon's attempted murder and murder trials were severed, he was convicted in 1981 in New York State Supreme Court, New York County, of two counts of attempted murder and one count of second degree murder, and sentenced to twenty years to life imprisonment.

Calderon moved to vacate his judgment of conviction, pursuant to New York Criminal Procedure Law § 440.10, because the prosecutor had failed to disclose a promise that the District Attorney's Office had made to a witness in exchange for his cooperation at Calderon's trial, and failed to correct the witness's testimony that he had received no consideration in exchange for his cooperation. The state court judge denied the § 440 motion finding that Calderon's counsel "knew that a promise had been made and what it was," based on the prosecutor's response to a discovery request and a vague reference during the prosecutor's summation. The state court also held that, although the prosecutor might have corrected the witness's testimony, "he was not obliged to do so" and had "discharged any obligation he might have had."

Calderon consolidated his direct appeal from the judgment of conviction and his appeal from the denial of the § 440.10 motion, arguing, *inter alia,* that (1) the prosecutor's misconduct at the murder trial deprived him of due process by introducing the witness's false testimony and failing to disclose the promise made to the witness; (2) the supplemental jury instruction on intent at the attempted murder trial improperly shifted the burden of proof, in violation of *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979); and (3) the court erroneously precluded his sister from testifying at the attempted murder trial regarding the behavior of a detective investigating the murder. The Appellate Division affirmed without opinion. *People v. Calderon,* 124 A.D.2d 1078, 507 N.Y.S.2d 783 (App.Div.1986). Neither party produced Calderon's letter seeking leave to appeal to the Court of Appeals, although the State produced its letter in opposition, which indicated that Calderon had sought review of the prosecutorial misconduct claim and another claim not relevant here. The Court of Appeals denied leave to appeal. *See People v. Calderon,* 69 N.Y.2d 878, 515 N.Y.S.2d 1025, 507 N.E.2d 1095 (N.Y.1987).

In March 1997, Calderon filed a *pro se* petition for a writ of habeas corpus, raising, *inter alia,* the three issues he raised on direct appeal. In a Report & Recommendation ("R & R"), the magistrate judge recommended that the petition be denied. The district court adopted the R & R in its entirety, denied the writ, and dismissed the petition. *Calderon v. Keane,* No. 97–CV–2116, 2003 WL 22097504 (S.D.N.Y.

Sept. 9, 2003). The district court judge held that the jury instruction claim was procedurally barred and the prosecutorial misconduct and preclusion of testimony claims were meritless. *Id.* The district court granted a certificate of appealability.

On appeal, Calderon renews his claims that the prosecutor's misconduct, the improper jury charge on intent, and the preclusion of Calderon's sister's testimony deprived him of a fair trial.

This Court reviews *de novo* a district court's decision to grant or deny a petition for a writ of habeas corpus, *see Brown v. Artuz,* 283 F.3d 492, 497 (2d Cir.2002), and reviews a district court's factual findings for clear error. *See Jenkins v. Artuz,* 294 F.3d 284, 290 (2d Cir.2002). A federal court presented with a petition for a writ of habeas corpus must inquire whether a state court's adjudication of the merits of a petitioner's claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Calderon asserts that the state court's conclusion that the prosecutor had committed no error with regard to his prosecutorial misconduct claim "was based upon an unreasonable determination of the facts." He also contends that the court's ruling that the prosecutor had "discharged any obligation he might have had" regarding the false testimony and the Appellate Division's summary affirmance of his direct appeal were unreasonable applications of federal law.

■ In *Shih Wei Su v. Filion,* 335 F.3d 119 (2d Cir.2003), we held that, in order to challenge a conviction based on the prosecution's use of false testimony, a habeas petitioner had to prove that: (1) false testimony was introduced; (2) the prosecutor knew or should have known that the testimony was false; (3) the false testimony went uncorrected; and (4) there was a reasonable likelihood that the false testimony could have affected the judgment of the jury. *Id.* at 127. Assuming, *arguendo,* that Calderon met the first three prongs of the *Filion* test, he did not demonstrate a reasonable likelihood that the prosecutor's silence concerning the deal with the witness affected the outcome of the trial. The witness's credibility had been damaged by the details of his substantial criminal history, and Calderon's guilt was established by his admission to another witness regarding his role in the murder, which squared with the forensic evidence. Thus, there was sufficient evidence to warrant conviction without the perjuring witness's testimony, and the district court properly rejected this claim.

■ Calderon's claim concerning the preclusion of his sister's testimony was not exhausted. In order to exhaust all available state court remedies on habeas review, a petition must fairly present the factual and legal predicate for each claim to the highest available state court. *See Daye v. Attorney Gen. of the State of New York,* 696 F.2d 186, 191 (2d Cir.1982) (in banc). In New York, such exhaustion is achieved by presenting a claim raised on direct appeal to the New York Court of Appeals. *See Ramirez v. Attorney Gen. of the State of New York,* 280 F.3d 87, 94 (2d Cir.2001). This Court has held that "[i]t is well-settled that on federal collateral review, the petitioner bears the burden of proving that his constitutional rights were violated." *Whitaker v. Meachum,* 123 F.3d 714, 716 (2d Cir.1997) (per curiam)

(collecting cases). As Calderon provided no proof that he raised this issue before the New York Court of Appeals, and as the state provided some proof that he did not, the magistrate judge erred in holding that "this claim must be considered exhausted." The district court did not discuss the exhaustion issue, but focused on the merits of the claim, finding that the testimony of Calderon's sister was neither probative of the issues presented nor indicative that the police officer was biased.

Where a petitioner never presented a given claim to the state court, and the opportunity to do so has passed, a procedural default has occurred. *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). A procedural default will bar federal habeas review of the federal claim "unless the habeas petitioner can show 'cause' for the default and 'prejudice attributable thereto' or demonstrate that failure to consider the federal claim will result in a 'fundamental miscarriage of justice.'" *Harris v. Reed*, 489 U.S. 255, 262, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989) (citations omitted).

Calderon argued the merits of his claim before the district court. The district court did not find the claim procedurally barred, but found, on the merits, that his rights were not abridged by the exclusion of his sister's testimony. The district court cited *United States v. Holmes*, 44 F.3d 1150, 1157 (2d Cir.1995), which holds that a trial judge may reasonably restrict testimony that is only marginally relevant, and *People v. Schwartzman*, 24 N.Y.2d 241, 299 N.Y.S.2d 817, 247 N.E.2d 642, 644 (N.Y. 1969), which holds that, in New York State, the use of extrinsic evidence to impeach on collateral matters is generally prohibited. *Estelle v. McGuire*, 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) holds that evidentiary rulings by state courts are not ordinarily subject to habeas review unless they deprive a defendant of a fair trial. The testimony that Calderon's sister proposed to give was tangential and collateral, and barring the testimony did not deprive Calderon of a fair trial. As the district court correctly determined that Calderon was not prejudiced by the preclusion of his sister's testimony, and as Calderon cannot show "a fundamental miscarriage of justice" in connection with that preclusion, *see United States v. Olano*, 507 U.S. 725, 736, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), *Underwood v. United States*, 166 F.3d 84, 88 (2d Cir. 1999), we conclude that Calderon's request for habeas relief based on the preclusion was properly refused.

■ The district court held that Calderon's jury instruction claim was procedurally barred, based on its reading of *Quirama v. Michele*, 983 F.2d 12 (2d Cir.1993). *Quirama* held that, where the Appellate Division affirms a conviction without opinion, but the State asserts a procedural bar on appeal, we will assume the Appellate Division relied on the independent and adequate state procedural ground in denying the appeal, barring federal habeas review. *Id.* at 14. The holding in *Quirama* presupposed that the claim at issue was presented to the Court of Appeals. However, Calderon's jury instruction claim was not presented to the New York Court of Appeals, and on that basis the claim was procedurally defaulted because it was never exhausted in a timely manner. Calderon has never argued cause and prejudice, or that failing to consider his jury instruction claim would result in a fundamental miscarriage of justice, and therefore we are barred from considering the merits of this claim.

Accordingly, the judgment of the district court is **AFFIRMED**.